**STATE of Missouri, Respondent,**

v.

**Jerry Lynn JONES, Appellant.**

**No. 47599.**

Missouri Court of Appeals, Eastern District.

Oct. 23, 1984.

Peter Joseph Dunne, Asst. Public Defender, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for respondent.

E. RICHARD WEBBER, Special Judge.

The defendant was sentenced to terms of fifteen years and ten years respectively in the Missouri Department of Corrections after a jury determined he was guilty of kidnapping under Section 565.110 RSMo 1978 and armed criminal action pursuant to Section 571.015 RSMo 1978. The trial court ordered the terms served concurrently. He does not challenge the kidnapping conviction, but asserts that his conviction for armed criminal action should be reversed. We affirm.

At about 5:30 a.m., October 1, 1982 the prosecuting witness was jogging near 10600 Twilight, St. Louis, Missouri, when a man she later identified as appellant, appeared from the protection of a tree, forced her to the ground, placed his hands over her mouth and said, "Don't scream or I'll kill you." This threat was accompanied by the pressure of an unidentified sharp object applied to her back. As she was being taken against her will across the street he deposed her on the subject of her age. After responding, "29", he quipped, "If you want to see thirty (30), you'll do as you're told." He tied her hands behind her back with rope, sealed her mouth with duct tape, and forced her into the back seat of a parked car. She soon extricated herself from this perilous servile state, but as she boldly attempted to escape the defendant held her clothing causing her to be dragged along the ground parallel to the moving automobile until she perfected her retreat. He was arrested seven (7) hours later at McDonnell-Douglas, his place of employment. Police seized a knife from defendant's pocket which had a blade 2¾ inches in length when fully extended.

For his first assignment of error defendant claims the trial court erroneously received this knife into evidence, because there was no causal connection between the knife and the offense charged since the victim never identified it and the State failed to lay a foundation for it to be admitted into evidence. The trial court properly admitted the knife.

In the case of *State v. Murphy*, 610 S.W.2d 382 (Mo.App.1980), the court admitted into evidence a flak jacket worn by defendant's brother at the time of defendant's arrest. At loc. cit. 385 the court stated:

Demonstrative evidence which tends to establish any fact in issue or throw light on the controversy and aid the jury in any way in arriving at a correct verdict is admissible although the evidence tends

to arouse the prejudice of the jury. *State v. Murphy,* 592 S.W.2d 727, 730[1, 2] (Mo. banc 1979); *State v. Swenson,* 551 S.W.2d 917, 921[14, 15] (Mo.App. 1977). The only discretion a trial court has to deny admission of demonstrative evidence is if the evidence is both irrelevant to a material issue and also inflammatory or prejudicial....

Even if the probative value of demonstrative evidence is questionable, the evidence should be admitted and presented to the trier of fact for evaluation. *State v. Pruitt,* 556 S.W.2d 63, 66 n. 1 (Mo. App.1977). The trial court has broad discretion to determine the relevancy and admissibility of demonstrative evidence. *State v. Johnson,* supra [539 S.W.2d 493], 515[45, 46] [Mo.App.1976]. The trial court was within its discretion in finding the challenged evidence of the flak jacket relevant to appellant's intent and admissible. *State v. Pruitt,* supra, 66[8–12]; See *State v. Williams,* 542 S.W.2d 3, 5[1, 2] (Mo.App.1976); *State v. Williams,* 539 S.W.2d 530 (Mo.App.1976)....

A "knife-like object" was ruled properly admitted into evidence in *State v. Collins,* 607 S.W.2d 712, 715 (Mo.App.1980):

Defendant also argued that the knife should not have been admitted because there is no evidence that the knife was the object which caused the wound on the victim's body. There is no necessity for proof that the knife be identified specifically as the weapon used. There is no requirement that the identity of a weapon be wholly unqualified to make a weapon admissible in evidence in a criminal case. The weight to be given to the identification is for the jury. *State v. Stancliff,* 467 S.W.2d 26, 30 (Mo.1971). Evidence that a weapon "looks like" or "could be" the weapon is sufficient. *State v. Crowley,* 571 S.W.2d 460, 463 (Mo.App.1978); *State v. McAllister,* 534 S.W.2d 611 (Mo.App.1976).

■ The victim testified, "And I felt something sharp like against my back right here", immediately after the defendant cautioned, "Don't scream or I'll kill you."

A sharp object, a knife with a 2¾ inch blade, was taken from defendant just seven hours after his admitted invective conduct. No abuse of discretion is shown by receiving the knife into evidence.

Defendant's claim of lack of sufficient evidence to support the conviction is without merit. In *State v. Boulder,* 635 S.W.2d 673, 679 (Mo. banc 1982) the court held:

... In assessing the sufficiency of the evidence, we must accept as true all evidence and inferences that tend to support the verdict and disregard all evidence and inferences to the contrary. Our inquiry is limited to whether the evidence, viewed in the light most favorable to the state, is sufficient to support the verdict. *State v. Turner,* 623 S.W.2d 4, 6 (Mo. banc 1981); *State v. Strickland,* 609 S.W.2d 392, 395 (Mo. banc 1980).

This court recognized that rule in *State v. Ball,* 622 S.W.2d 285, 291 (Mo.App.1981):

... The jury has the right to believe or disbelieve all, part or none of the testimony of any witness. Furthermore, the testimony of a single witness may be sufficient to constitute substantial evidence. *State v. Williamson,* 595 S.W.2d 4, 7 (Mo.App.1979)....

■ No prohibition is extant to preclude the State from proving the offense of armed criminal action by circumstantial evidence. A woman was forced to lie face down in the dirt while being threatened with death at the very time when "something sharp" was pressed against her back. The victim escaped before the unknown object was in fact used to inflict death or other serious injury. Its identity is known but to the defendant. Nothing in the statute requires the object to be produced. Defendant's statements—"Don't scream or I'll kill you"; and "If you want to see thirty (30), you'll do as you're told"—considered with his conduct—forcing the victim to lie face down in the dirt; pressing a sharp object against her back as he threatened to kill her; placing duct tape over her face; dragging and carrying her to a car; forcing her to enter the car; tying her hands with rope; and holding her clothing

during her escape attempt causing her to be dragged along the ground beside a moving automobile—are all consistent with the conclusion that the object used by the defendant was capable of causing death or serious injury. He chose to use it against and conceal it from the victim until he believed he had accomplished his purpose of subduing her. Her struggle was interrupted so long as defendant was in a position to employ it against her. The circumstances proved are consistent with each other and defendant's guilt and are inconsistent with any reasonable theory of his innocence. Sufficient evidence exists to prove all elements of the offense of armed criminal action.

■ The third and final point of appellant alleges error by the trial court in allowing the prosecuting attorney in final argument to tell the jury, "It fits together with it being a knife but that isn't to say it couldn't have been a sharp piece of glass or a sharp stick or some other sharp object..." The defendant complains that the trial judge permitted the prosecuting attorney to argue facts not in evidence.

The jury was given the following definition of "dangerous instrument" in the court's instructions:

Means any instrument, article or substance which, under the circumstances under which it is used, is readily capable of causing death or other serious injury.

The prosecutor is allowed to comment upon the evidence and draw inferences from that evidence.

"At the outset we recognize that a prosecutor has the right to draw any inference from the evidence which he in good faith believes to be justified. *State v. Feger*, 340 S.W.2d 716, 728[24] (Mo. 1960). Moreover, the trial court has wide discretion in determining latitude in permitting argument of counsel, and we will not reverse unless this discretion has been abused resulting in prejudice to the defendant. *State v. Kimmins*, 514 S.W.2d 381, 382[1] (Mo.App.1974)...." *State v. Smith*, 527 S.W.2d 731, 733 (Mo. App.1975).

This is precisely what the prosecuting attorney did in that part of his closing argument above set forth. In *State v. Ball*, supra, at loc. cit. 290 the court held:

... In closing argument the prosecutor may also draw non-evidentiary conclusions which are justified by inferences from the evidence. *State v. Burroughs*, 559 S.W.2d 42, 43 (Mo.App.1977)....

The jury might conclude that defendant's knife was the means by which defendant imposed his will upon this woman. The jury might reasonably infer from all of the evidence that the object, "... under the circumstances under which it is used, is readily capable of causing death or other serious injury", was, as the prosecutor stated, some other object. The defendant represented the thing which he used as an object capable of causing death or other serious injury. When he chooses to conceal the means of his wrongdoing, he may not now complain that the State may not argue to the jury reasonable inferences flowing from defendant's conduct. On the subject of charged prosecutorial misconduct, the case of *State v. Reed*, 629 S.W.2d 424, 428 (Mo.App.1981) recognizes:

... The case law of this state is replete with decisions that declaration of a mistrial because of improper prosecutorial argument is a drastic remedy, should be utilized only in extraordinary circumstances, is a matter initially resting in the broad discretion of the trial court, and the trial court's exercise of such discretion, absent a manifest abuse thereof, shall not be interfered with on appeal. See for example: *State v. Schlagel*, 490 S.W.2d 81 (Mo.1973); *State v. Williams*, 602 S.W.2d 209 (Mo.App.1980); *State v. Hodges*, 586 S.W.2d 420 (Mo. App.1979); and *State v. Wright*, 558 S.W.2d 321 (Mo.App.1977).

Defendant's allegations condemning the prosecutor's argument are unfounded. The judgment is affirmed.

CRIST, P.J., and BRUCE NORMILE, Special Judge, concur.