**Jessie Lee WISE, Appellant,**

v.

**William ARMONTROUT, Appellee.**

**No. 90–3090.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1991.

Decided Dec. 24, 1991.

Rehearing and Rehearing En Banc Denied Feb. 10, 1992.

Mark H. Zoole, St. Louis, Mo., argued, for appellant.

Stephen D. Hawke, Jefferson City, Mo., argued, for appellee, William L. Webster and Stephen D. Hawke, Jefferson City, Mo., on the brief.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

LAY, Chief Judge.

Jessie Lee Wise filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988), challenging the voluntariness of his 1972 guilty plea to first degree murder. The district court[1] adopted the magistrate's[2] findings of fact and conclusions of law dated October 12, 1990, and denied Wise's petition pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases in the United States District Courts.[3] The court further found Wise's allegations to be without merit. Wise appeals from the district court's judgment and order of November 8, 1990.

Wise pled guilty to the charge of first degree murder in St. Louis, Missouri in 1972, and was sentenced to life imprisonment. Wise claims that this guilty plea was not voluntary because he did not understand the elements of the crime. He contends that he never intended to kill the victim, only to fend off an unwanted homosexual advance. Because intent to kill is an element of first degree murder, Wise claims that his guilty plea should be found involuntary.

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Western and Eastern Districts of Missouri.

2. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

3. Rule 9(a) provides:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Wise did not file a direct appeal of his conviction. However, in 1978 he did file a motion for post-conviction relief under Missouri Supreme Court Rule 27.26 (superseded by Rules 24.035 and 29.15). That motion was denied after a hearing. Although the Missouri Court of Appeals for the Eastern District maintains records which indicate the denial of Wise's 27.26 motion, the relevant file apparently has been lost. It is clear, however, that Wise failed to appeal the denial of his 27.26 motion within the appropriate period for appeals.[4] Wise's later attempt to appeal in 1981, Record at 85, was unsuccessful. Under Missouri Supreme Court Rule 28.07 (superseded by Rule 30.03), an appellate court may enter a special order granting permission to file a notice of appeal after the time for such appeal has expired. This permission may be granted only if the request is made within twelve months of the date of final judgment; Wise's request was filed over three years after the denial of his 27.26 motion. Thereafter, Wise initiated proceedings in federal district court under 28 U.S.C. § 2254 in 1989.

## I. DELAY UNDER RULE 9(a)

Enacted by Congress in 1976, Rule 9(a) of the Rules Governing Section 2254 Cases codifies the equitable doctrine of laches. Rule 9(a) requires courts to conduct an inquiry into the reasonableness of petitioner's delay, and whether that delay resulted in prejudice to the respondent's ability to respond.

Although Rule 9(a) serves the laudable goal of discouraging the filing of stale habeas claims, we share the concerns expressed by a number of circuits about its prejudicial impact on the availability of habeas corpus relief. *See McDonnell v. Estelle*, 666 F.2d 246, 251 (5th Cir.1982) ("Because Rule 9(a) authorizes the summary disposition of habeas corpus petitions on grounds unrelated to the constitutional

claims, its application necessarily must be limited to avoid the abrogation of the very purpose of the writ."); *Davis v. Adult Parole Authority*, 610 F.2d 410, 413 (6th Cir. 1979) (Rule 9(a) "must be carefully considered and liberally construed.").

■ With respect to the district court's finding of prejudicial delay, we first decline the state's invitation to presume prejudice as a matter of law due to Wise's seventeen year delay in filing this petition. Appellee's Brief at 4. Despite language found in the advisory notes to Rule 9(a) suggesting that prejudice should be presumed after five years, the state's position has been rejected by virtually every circuit to consider it [5] because Congress expressly refused to include such a provision in the final rule:

> The legislation amends Rule 9(a) in both the § 2254 rules and the § 2255 rules by deleting the language relating to the rebuttable presumption after 5 years.... The Committee believes that it is unsound policy to require the defendant to overcome a presumption of prejudice and that the legislation brings rule 9(a) into conformity with other provisions of law.

H.R.Rep. No. 1471, 94th Cong., 2d Sess. 1, 5 (1976), *reprinted in* 1976 U.S.C.C.A.N. 2478, 2481 (footnote omitted).

The state carries the burden of making "a particularized showing of prejudice" attributable to petitioner's delay. *Paprskar v. Estelle*, 612 F.2d 1003, 1007–08 (5th Cir.), *cert. denied*, 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980); *see also Jessup v. United States Parole Comm'n*, 889 F.2d 831, 834 (9th Cir.1989); *Campas v. Zimmerman*, 876 F.2d 318, 324 (3d Cir.1989); *Hannon v. Maschner*, 845 F.2d 1553, 1555 (10th Cir.1988); *Lawrence v. Jones*, 837 F.2d 1572, 1575 (11th Cir.1988); *Alexander v. Maryland*, 719 F.2d 1241, 1246 (4th Cir. 1983). To meet this burden, the state may not merely *allege* prejudicial facts, but must offer "concrete proof of the allegations." *Lawrence*, 837 F.2d at 1575; *see*

---

**4.** Missouri Supreme Court Rule 28.03 required Wise to file a notice of appeal no later than ten days after entry of a final judgment.

**5.** *See, e.g., Bedford v. Attorney Gen.*, 934 F.2d 295, 299 (11th Cir.1991); *Hannon v. Maschner*,

845 F.2d 1553, 1555 (10th Cir.1988); *Strahan v. Blackburn*, 750 F.2d 438, 440–41 (5th Cir.), *cert. denied*, 471 U.S. 1138, 105 S.Ct. 2683, 86 L.Ed.2d 700 (1985). *But see Davis*, 610 F.2d at 415–16 (effect of fourteen year delay is to create presumption of prejudice).

*also McDonnell,* 666 F.2d at 254 ("[T]he court must have before it a sufficient quantity of conclusive evidence on which to base its decision [to dismiss under 9(a)]").

■ The district court found prejudice to the respondent due to the "inability to obtain pertinent documents in this case as well as the difficulty in locating reliable witnesses seventeen years after entrance of the guilty plea." Magistrate's Rep. and Recomm. at 2. The absence of specificity in this finding of prejudice stands in contrast to the requirement of a particularity we endorsed in *Cotton v. Mabry,* 674 F.2d 701 (8th Cir.), *cert. denied,* 459 U.S. 1015, 103 S.Ct. 374, 74 L.Ed.2d 508 (1982). In *Cotton,* which also involved a challenge to the voluntariness of a guilty plea, we upheld dismissal under 9(a) after noting that no transcript or notes of the plea proceeding existed, and after detailing the affidavits of trial attorneys, police, and witnesses who could not sufficiently recall pertinent events. No such evidence has been presented to the court in this case. Rather, the district court appears to have presumed loss of memory by relevant witnesses due to the passage of time. *See Davis,* 610 F.2d at 413, 416 (rejecting district court's reliance on "the presumed unavailability of witnesses through the loss of memory of detail" to dismiss petition under 9(a)).

Because of problems with the presence or absence of particularized evidence, we are reluctant to affirm dismissal of Wise's petition under Rule 9(a).

## II. PROCEDURAL DEFAULT

■ The district court correctly concluded that Wise exhausted his state remedies because there is no longer an available state court proceeding in which to attain relief. *See Engle v. Issac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). It failed, however, to address Wise's procedural default in either failing to raise this claim in state court or failing to appeal the denial of his Rule 27.26 motion in a timely manner.

As the Supreme Court recently reasoned in *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991), "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." State procedural defaults bar federal habeas corpus relief unless the petitioner can show "cause" for the omission and actual prejudice resulting from the alleged violation of federal law. *See Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Wise maintains that cause may be found in the alleged ineffective assistance of his post-conviction counsel. Cause may be found only where the defendant is represented by constitutionally ineffective counsel. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). Applying this rule in *Coleman v. Thompson,* the Court held that because "[t]here is no constitutional right to an attorney in state post-conviction proceedings," petitioners cannot show cause by alleging ineffective assistance of post-conviction counsel. 111 S.Ct. at 2566.

## III. CONCLUSION

We find Wise to be procedurally barred from raising his claims in federal court under *Coleman v. Thompson.* We affirm the district court's dismissal of Wise's petition for habeas corpus relief under section 2254.