Jerry Lynn JONES, Appellant,

v.

Paul CASPARI, Appellee.

No. 91–3136.

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1992.

Decided Sept. 11, 1992.

Bradley H. Lockenvitz, Linn, Mo., argued, for appellant.

Millie Aulbur, Jefferson City, Mo., argued (William L. Webster and Ronald L. Jurgeson, on brief), for appellee.

Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Jerry Lynn Jones appeals the district court's [1] order denying his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We affirm.

The facts giving rise to Jones' conviction are fully set forth in the decision of the Missouri Court of Appeals; [2] we summarize only the facts pertinent to this appeal. In the early morning of October 1, 1982, a female jogger was approached by a man later identified as Jones, thrown to the ground and threatened with a sharp object at her back. She was then dragged across the street, tied up and forced into the back seat of a parked car. She managed to escape from the car and reported the incident to police. Jones was arrested and searched seven hours later; police found a pocket knife with a 2¾ inch blade in Jones' pocket.

Jones was convicted of kidnapping and armed criminal action in the Circuit Court of St. Louis County, Missouri. He was sentenced to concurrent terms of 15 years and 10 years and his convictions were affirmed on direct appeal. *State v. Jones,* 679 S.W.2d 927 (Mo.Ct.App.1984). Jones sought post-conviction relief pursuant to Missouri Supreme Court Rule 29.15; the circuit court denied relief and the Missouri Court of Appeals affirmed. *Jones v. State,* 778 S.W.2d 357 (Mo.Ct.App.1989). Jones then filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court referred the matter to a magistrate who found cause for Jones' procedural default concerning his ineffective assistance of counsel claims, and stated that Jones should be allowed to present the merits of his claims. After Jones filed supplemental responses addressing the merits of his claims, the magistrate determined the claims were without merit and recommended the habeas petition be denied. The district court adopted the magistrate's recommendation and dismissed the petition with prejudice. Jones appeals.

■ Jones raises three issues concerning his conviction under the Missouri armed criminal action statute, Mo.Rev.Stat. § 571.015 (1978). First, Jones argues the pocketknife was improperly admitted into evidence because it did not meet the statutory definition of a knife for purposes of the armed criminal action statute. The government argues the claim is procedurally barred from review by this court because Jones did not present this claim during state-court litigation. We agree. Because Jones has failed to show cause for the default and resulting prejudice from an alleged violation of federal law, we cannot address the issue. *Wise v. Armontrout,* 952 F.2d 221, 224 (8th Cir.1991).

■ Second, Jones argues the armed criminal action statute is void for vagueness. This claim was not presented to the federal district court for review and "[a]s a general rule failure to present an issue to the district court precludes appellate consideration of that issue." *Warden v. Wyrick,* 770 F.2d 112, 114 (8th Cir.), *cert. denied,* 474 U.S. 1035, 106 S.Ct. 600, 88 L.Ed.2d 579 (1985). Jones argues that his state post-conviction counsel's failure to preserve the point for appeal excuses this procedural default. We disagree. Since Jones has no constitutional right to counsel to pursue his appeal in state habeas, "any attorney error that led to the default of [Jones'] claim[ ] in state court cannot constitute cause to excuse the default in federal habeas." *Coleman v. Thompson,* —— U.S. ——, 111 S.Ct. 2546, 2567–68, 115 L.Ed.2d 640 (1991).

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. *State v. Jones,* 679 S.W.2d 927 (Mo.Ct.App. 1984).

■ Finally, Jones argues the knife was improperly admitted into evidence by the Missouri circuit court. Because the admissibility of evidence is a matter of state law, we review admissibility rulings in a habeas action only when the alleged error "infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Turner v. Armontrout*, 845 F.2d 165, 169–70 (8th Cir.), *cert. denied*, 488 U.S. 928, 109 S.Ct. 315, 102 L.Ed.2d 333 (1988) (citations omitted). "A denial of due process occurs when the error is gross, conspicuously prejudicial or of such import that the trial was fatally infected." *Redding v. Minnesota*, 881 F.2d 575, 579 (8th Cir.1989), *cert. denied*, 493 U.S. 1089, 110 S.Ct. 1158, 107 L.Ed.2d 1061 (1990) (quotation omitted). Jones argues there was no showing that the knife was related to the charges filed by the government, and the admission of the knife improperly inflamed the passions of the jury. We reject Jones' claim because he has failed to present evidence that the trial court's admission of the knife violated a constitutional right or was so prejudicial that it amounted to a denial of due process.

■ To prevail on an ineffective assistance of counsel claim, Jones must show that the performance of his defense counsel "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Jones must also prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. We cannot rely on hindsight to evaluate defense counsel's trial strategy and we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065 (citation omitted). Because a claim of ineffective assistance of counsel presents a mixed question of law and fact, we review the district court's factual findings for clear error and its legal conclusions de novo. *Chandler v. Armontrout*, 940 F.2d 363, 365 (8th Cir.1991).

■ Jones first argues that trial counsel, appellate counsel and counsel for post-conviction relief were ineffective for failing to raise or preserve the void for vagueness issue concerning the armed criminal action statute. The government argues this claim of ineffective assistance of counsel should be rejected because it was not presented to the district court. We agree that absent a showing of manifest injustice, an issue not raised in the district court is not subject to our review. *Ryder v. Morris*, 752 F.2d 327, 332 (8th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). Jones did not allege below that his various defense counsel were ineffective for failing to argue the constitutionality of the armed criminal action statute, and because he has not shown that denial of review will result in manifest injustice, we will not review the issue.

■ We next address Jones' claim that his trial counsel was ineffective for failing to properly preserve for appeal the issue of the voluntariness of Jones' statements to police. In reviewing this claim, the magistrate found cause for Jones' procedural default in state court; however, after addressing the ineffective assistance claim on the merits, the magistrate determined that Jones failed to prove that his counsel was ineffective. We agree with the magistrate's determination. The record reflects that Jones' trial counsel filed motions to suppress the statements made to police, and the motions were heard and overruled by the trial court. Furthermore, Jones raised the allegation on appeal from the denial of his post-conviction relief and the Missouri Court of Appeals affirmed the denial of relief. *Jones*, 778 S.W.2d at 357. This was a reasonable effort to raise and adjudicate the issue of Jones' *Miranda* rights, and therefore, counsel's efforts were not ineffective and Jones has failed to overcome the presumption of "adequate assistance" of counsel. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066.

■ Finally, Jones contends that his trial counsel's failure to "depose" the victim as well as four other individuals who were present at the time of his arrest amounted

to ineffective assistance of counsel. Without deciding whether counsel's conduct fell below an objective standard of reasonableness, we hold that counsel's action did not prejudice Jones' defense. Two of the four proposed individuals were placed on the stand and subject to cross-examination. Jones has failed to present evidence that his counsel's decision not to contact these individuals prejudiced his case. We hold that Jones has failed to prove that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

Based on the foregoing, we affirm the district court's denial of Jones' petition for writ of habeas corpus.