**STATE of Missouri, Plaintiff–Respondent,**

v.

**Carol ARMSTRONG, and Bonnie Chapman, Defendants–Appellants.**

**Nos. 63146, 63147.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1993.

Application to Transfer Denied Nov. 23, 1993.

---

3. Indiana Code § 34–1–2–2(1).

Frank J. Niesen, Jr., St. Louis, for defendants-appellants.

Gonzalo Fernandez, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

CRANDALL, Presiding Judge.

Defendants, Carol Armstrong and Bonnie Chapman, appeal from the judgments of their convictions, after a jury-waived trial, for trespassing in the first degree. The trial court sentenced Bonnie Chapman to jail for 30 days, but suspended execution of sentence and placed her on probation for a period of one year. The court sentenced Carol Armstrong to 90 days in jail. We affirm the judgment of conviction of Carol Armstrong and reverse the judgment of conviction of Bonnie Chapman.

In a court-tried criminal case the findings of the court shall have the force and effect of the verdict of a jury. Rule 27.01. Appellate review is the same as if a verdict of guilty had been returned by a jury. *State v. Edsall*, 781 S.W.2d 561, 563 (Mo.App.1989). The appellate court must determine only whether there was sufficient evidence from which the trial court could have found defendant guilty as charged. *Id.* In determining the sufficiency of the evidence, we accept as true all evidence in the record tending to prove defendant's guilt, together with inferences favorable to the State that can be reasonably drawn therefrom, and we disregard all contrary evidence and inferences. *Id.*

Viewed in this light, the evidence established that Reproductive Health Services (the clinic) was located on the second floor of an office building at 100 N. Euclid Avenue in St. Louis, Missouri (the building). The building housed numerous doctors' and dentists' offices as well as a drug store. There were "No Trespassing" signs posted at the front entrance of the building.

On Saturday, September 21, 1991, at approximately 9:00 a.m. about nine individuals rushed from a stairwell into the hallway of the second floor. The lock to the stairwell had been broken to gain access to the stairs. The individuals forced their way past a private security guard into the waiting room of the clinic. Once inside, the individuals sat on the floor of the waiting room, singing, chanting, and praying. They also approached other people in the waiting room and said, "Don't kill your baby."

Security guards asked these individuals in the waiting room to leave and they refused. The security guards summoned the police, who again requested the individuals to leave. When they refused, the police arrested approximately eight individuals and physically removed them from the building. The administrator of the clinic stated that she had observed Carol Armstrong in the group inside the clinic's waiting room. A security guard saw Bonnie Chapman by the elevator in the second floor hallway, just down the hall from the clinic.

A short time later, security guards saw two women by the elevator located on the main floor of the building. The women refused to leave when requested. The police who had removed the individuals from the waiting room reentered the building and requested that the two women leave the building. When they still refused, the police physically removed them from the building. The women were identified as Bonnie Chapman and Carol Armstrong.

Bonnie Chapman and Carol Armstrong were charged by information with trespass in the first degree in violation of § 569.140, RSMo (1986) in that they each "knowingly entered unlawfully in a building located 100 N. Euclid . . . ." Both cases were consolidated with a number of other cases arising from the same incident and were tried to the court without a jury. The trial court found Bonnie Chapman and Carol Armstrong guilty of trespassing in the first degree. The court sentenced Bonnie Chapman to jail for 30 days, but suspended execution of sentence and placed her on probation for one year. The court sentenced Carol Armstrong to 90 days in jail.

In their first point, Bonnie Chapman and Carol Armstrong in essence challenge the sufficiency of the evidence to support their convictions. The threshold issue is whether the State proved that Bonnie Chapman and Carol Armstrong committed the acts that constituted the crimes as described in the respective charges against them. In the instant action, the act as charged in the information was identical for both Carol Armstrong and Bonnie Chapman, and specified that they each entered the building unlawfully.

Section 569.140.1 provides as follows:

A person commits the crime of trespass in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property.

Thus, the crime of trespass in the first degree can be violated in one of two ways: (1) when the defendant knowingly enters a building unlawfully; or (2) when the defendant knowingly remains unlawfully in a

building. Where a statute prohibits an offense that may be committed in different ways, the information must charge one or more of the different methods. *State v. King,* 747 S.W.2d 264, 274 (Mo.App.1988). Where the act constituting the crime is specified in the charge, the State is held to proof of that act; and a defendant may be convicted only on that act. *Edsall,* 781 S.W.2d at 564.

■ We first consider the evidence against Bonnie Chapman. The evidence was that a security guard saw Bonnie Chapman by the elevator on the second floor, just down the hallway from the clinic. No one was able to place her either with the group of individuals who pushed their way through the clinic's door or with the group in the clinic's waiting room. Later, police officers saw her by the elevator on the main floor. It was on the main floor that the police approached her and asked her to leave the building and she refused. Assuming, without deciding, that Bonnie Chapman's refusal to leave the building could have constituted trespass within the statutory definition of trespass in the first degree, there was sufficient evidence to convict her of the act of remaining unlawfully in the building, had she been charged with that specific act in the information. The information, however, only charged her with the act of entering the building unlawfully. The evidence proved facts materially different from those alleged in the information. The variance between the evidence presented at trial and the crime charged in the information was fatal to Bonnie Chapman's conviction. There was not sufficient evidence to support Bonnie Chapman's conviction for trespassing in the first degree on the basis of the charge against her. Bonnie Chapman's conviction therefore cannot stand. The first point is granted as to Bonnie Chapman.

■ We next consider the evidence against Carol Armstrong. The evidence was that two people identified her as being part of the group in the clinic's waiting room. She was clearly connected with the group that had forced their way onto the second floor of the building through a stairwell by breaking a lock and then past a private security guard into the clinic's waiting room.

The State proved the act which constituted the crime as described in the information against Carol Armstrong; namely, that she entered the building unlawfully. With regard to Carol Armstrong, there was no variance between the act as charged in the information and the act as proven by the evidence. There was sufficient evidence to support Carol Armstrong's conviction for trespassing in the first degree. The first point is denied as to Carol Armstrong.

■ The second point on appeal alleges that the trial court erred in failing to require the State to establish the ownership or occupancy of the building and the owner's or occupant's lack of consent to Carol Armstrong's being on the property. In view of our holding with regard to Bonnie Chapman's conviction, we consider this claim of error only as it relates to Carol Armstrong.

It was not necessary that testimony come directly from the owners or tenants to establish their lack of consent to Carol Armstrong's presence on their property; it was sufficient that an agent of the owner or a tenant so testified. *See St. Louis County v. Ryan,* 738 S.W.2d 951, 953 (Mo.App.1987). Here, the clinic was a tenant of the building. The clinic's administrator testified that she asked the individuals in the waiting room to leave, and the president and board chairman of the clinic testified that the administrator was authorized to do so. In addition, the security guards were employed by a private company which had contracted with the owners of the building to provide protection for the premises. The owner of the security company testified that the owners of the building had authorized the security guards employed by his company to remove trespassers from the building. The owners themselves did not need to testify at trial. There was sufficient evidence to establish that Carol Armstrong was in the building without the consent of the owners or of the clinic. Carol Armstrong's second point is denied.

The judgment of the trial court as to Bonnie Chapman's conviction is reversed. The

judgment of the trial court as to Carol Armstrong's conviction is affirmed.

REINHARD, CRIST, JJ., concur.