STATE of Missouri, Respondent,

v.

Douglas R. KREYLING, Appellant.

No. 65752.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 10, 1995.

Nathan S. Cohen, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals after being convicted in a court-tried case of the lesser-included offense of assault in the second degree, Sec. 565.060, RSMo.Cum.Supp.1993, and armed

criminal action, Sec. 571.015, RSMo.1986, for which he was sentenced to consecutive terms of four years for the assault conviction and three years for the armed criminal action conviction. We affirm.

Our review of a court-tried criminal case is the same as for a jury-tried criminal case. Rule 27.01; *State v. Armstrong*, 863 S.W.2d 374, 376 (Mo.App.E.D.1993). We look to see whether sufficient evidence existed from which the trial court could have returned a guilty verdict, and in so doing, we accept all evidence and inferences favorable to the guilty verdict and ignore all contrary evidence and inferences. *Id.* We will uphold the court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *State v. Smith*, 849 S.W.2d 209, 212 (Mo.App. E.D.1993).

Defendant went to the home of family friends one evening and rang the door bell. Victim answered the door and stepped outside upon Defendant's request. Defendant then began hitting him with a metal pipe and shouting: "You raped me. Why did you rape me? I am going to kill you." Victim denied Defendant's charges and tried to escape. Defendant pursued him and continued hitting him with the pipe.

Victim's wife had telephoned the police and yelled to Defendant they were on their way. Defendant started to leave but returned to Victim to continue the attack, again shouting he was going to kill Victim because of being raped by him. Victim's wife yelled to Defendant one more time the police were on their way, and Defendant started to run away. When Victim's wife then went to help her husband, Defendant turned and ran after her with the pipe. She escaped by going into the house, only to have Defendant break the glass door behind her. Defendant then fled the scene. As a result of the incident, Victim was hospitalized for treatment of a fractured left wrist, a compound fracture of the left elbow, a fractured toe, and other abrasions and contusions.

Defendant fled to the home of a brother in Mexico, Missouri. Defendant told this and another brother he had beaten and possibly seriously injured Victim because of being sexually abused when he was one year old. The brothers told Defendant he needed help, after which Defendant threatened suicide. According to one of the brothers, he then "got very mad and he drove away." Defendant appears to have a history of mental as well as drug and alcohol problems.

In his first point on appeal, Defendant alleges trial court error in finding him guilty of second degree assault and armed criminal action because he lacked the required mental capacity pursuant to Sec. 552.020, RSMo.1986. Defendant claims the trial court's decision was against the weight of the evidence and was not supported by the evidence. At trial, Defendant's only defense was a lack of mental capacity to understand his actions; therefore, he could not conform his actions to that required by law. We find the trial court's decision adequately supported.

To establish a legally sufficient defense of not guilty by reason of mental disease or defect, Defendant must show that at the time of the charged criminal conduct: (1) he had a mental disease or defect; and (2) as a result thereof, he could not appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law. *State v. Scott*, 841 S.W.2d 787, 790 (Mo.App.E.D. 1992); *State v. Raine*, 829 S.W.2d 506, 511 (Mo.App.1992); Sec. 552.030(1), RSMo.Cum. Supp.1993. Defendant had the burden to establish both elements by substantial evidence. *Id.* Sec. 552.030(6), RSMo.Cum. Supp.1993. Bizarre behavior alone does not automatically meet the burden imposed by the statute. *State v. Preston*, 673 S.W.2d 1, 8 (Mo. banc 1984). Further, a trial court is vested with considerable discretion in ruling on a defendant's request to rely upon the defense of mental disease or defect. *State v. Isa*, 850 S.W.2d 876, 886 (Mo. banc 1993).

The evidence established that Defendant, after beating the Victim and being told the police were on their way, fled the scene of the assault, left St. Louis and went to his brother's house in Mexico, Missouri. There, Defendant admitted to the attack and that he

may have seriously injured Victim. Such conduct evidenced Defendant's consciousness of guilt and his awareness of the consequences of his actions. Defendant's belief that Victim had raped him may have been without foundation and may appear to be the product of a mentally unstable person; however, this alone does not meet the legal burden imposed on Defendant to establish mental disease or defect as defined within the statute. Defendant failed to establish that as a result of any alleged mental disease or defect he could not understand the nature, quality or wrongfulness of his criminal acts. The evidence sufficiently supported the trial court's decision.

■■■■■ Defendant next argues that once he rebutted the presumption of sanity with expert testimony, the State was required to prove his sanity. By statute, Defendant was presumed free from mental disease or defect. Sec. 552.030(6), RSMo.Cum.Supp.1993. That presumption remains throughout a proceeding and alone is enough to sustain a finding of sanity, even when a defendant presents substantial evidence to the contrary. *State v. Lee,* 654 S.W.2d 876, 881 (Mo. banc 1983); *State v. Harris,* 774 S.W.2d 487, 492 (Mo. App.1989); Sec. 552.030(6), RSMo.Cum.Supp. 1993. The State is under no duty to prove the sanity of a defendant. *State v. Moss,* 789 S.W.2d 512, 513 (Mo.App.1990). Defendant's contention regarding the State's burden is therefore without merit.

■■■■■ Furthermore, in a court-tried criminal case such as this, witness credibility is a matter to be determined by the trial court. *State v. Brewer,* 861 S.W.2d 765, 768 (Mo. App.S.D.1993). An appellate court should not pass judgment on the credibility of witnesses. *Id.* The trial court stated on the record it did not give Defendant's expert witness any credibility. The trial court further explained the State's cross-examination of Defendant's expert was very effective. The trial court was well within its province to disbelieve Defendant's expert. Point denied.

■■■■■ In Defendant's final point on appeal, he claims the trial court erred when it convicted him of assault in the second degree and armed criminal action because the court had prematurely decided Defendant's guilt based upon bias and personal views expressed before all the evidence had been presented. This, Defendant claims, produced an undue burden which could not be overcome.

"Prejudice is the attitude of personal enmity towards the *party* or in favor of the adverse party to the other's detriment. It is not the mere possession of views regarding the law.... Prejudice is in the personal sense rather than in the judicial sense." *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692, 697 (Mo.App.1990). It is virtually impossible to expect a trial court to have absolutely no preconceived notions, for "[t]he human mind is no blank piece of paper." *Id.*

In questioning several of the witnesses, the trial court spoke of its concern regarding the mental disease or defect defense. Rather than indicating bias, the trial court's comments and questions represented an attempt to clarify the factual issues by way of illustrative examples and in so doing provided Defendant with ample opportunity to present evidence to carry his burden. Although at times extraneous, the court's comments read in their entirety reflect a fair weighing of the evidence. The trial court exhibited no prejudice against Defendant or in favor of the State. Point denied.

Accordingly, we affirm.

CRANE, P.J., and CRANDALL, J., concur.