**STATE of Missouri, Respondent,**

v.

**O.E (Gene) OWEN, Appellant.**

**No. WD 56144.**

Missouri Court of Appeals, Western District.

March 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 1999.

Application to Transfer Denied June 1, 1999.

John P. Burnett, Independence, for respondent.

Richard G.Callahan, Jefferson City, for appellant.

Before SPINDEN P.J., EDWIN H. SMITH and RIEDERER, JJ.

ALBERT A. RIEDERER, Judge.

O.E. (Gene) Owen, Appellant, appeals from his conviction for failing to make campaign expenditures from his official campaign depository, § 130.021,[1] a class A misdemeanor, § 130.081. Appellant was fined $100.00. Appellant waived his right to file a motion for new trial. Rule 29.11(e). Because we find that Appellant did not purposely violate § 130.021, we reverse.

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

## Facts

The facts of this case are not in dispute. The case was tried by way of stipulation. Between June 10, 1996, and November 10, 1996, Appellant was a candidate in the primary and general elections for the office of Clay County Commissioner. In the course of Appellant's campaign for office, he established an official depository and checking account at the Norbank Bank in Clay County, Missouri. During the campaign, the Appellant routinely deposited all contributions into the account and made expenditures incurred during the campaign from the account. However, on three separate occasions, Appellant obtained loans from Mary Jane Kelly which were not first deposited in Appellant's official depository checking account. On June 15, 1996, Appellant obtained a loan from Mary Jane Kelly in the amount of $1,720.61; on August 3, 1996, Appellant obtained a loan from Mary Jane Kelly in the amount of $776.40; and on November 6, 1996, Appellant obtained a loan from Mary Jane Kelly in the amount of $14,-850.77. Each of the loans were evidenced by a promissory note signed by Appellant, and the proceeds were directly expended to pay bills to the Damar Printing Company and the Bleich and White Mailing Service.

The loans described above were timely reported on the campaign finance reports filed by Appellant under the category of miscellaneous expenditures. The stipulation also states that while Appellant did act "knowingly" and "intentionally," he did not act with purpose to violate Chapter 130 and was not aware that his conduct with regard to the above-mentioned loans constituted a violation.

On December 19, 1997, Appellant was charged by information for failing to make campaign expenditures from his official campaign depository, § 130.021, a class A misdemeanor, § 130.081. On February 24, 1998, the matter was tried to the circuit court on a stipulation agreed to by both parties. The circuit court found Appellant guilty and levied a fine of $100.00. Appellant waived the filing of a motion for new trial. This appeal ensued.

## Standard of Review

■ Our review of a court-tried criminal case is the same as for a jury-tried criminal case. *State v. Kreyling,* 890 S.W.2d 414, 416 (Mo.App.1995). We determine whether sufficient evidence existed from which the trial court could have returned a guilty verdict. *Id.* We accept all evidence and inferences favorable to the verdict and ignore all contrary evidence and inferences. *Id.* We will uphold the court's decision unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.*

### I.

■ Appellant claims in his sole point on appeal that the trial court erred in finding the Appellant guilty and sentencing him to pay a fine in that the evidence introduced by the State was insufficient to prove Appellant acted "purposely" in violating § 130.021.2, as required by § 130.081.1.

Section § 130.021.2 states in pertinent part:

> Every candidate for offices listed in subsection 1 of section 130.016 who has not filed a statement of exemption pursuant to that subsection and every candidate for offices listed in subsection 6 of section 130.016 who is not excluded from filing a statement of organization and disclosure reports pursuant to subsection 6 shall form a candidate committee and appoint a treasurer. Thereafter, all contributions on hand and all further contributions received by such candidate and any of the candidate's own funds to be used in support of the person's candidacy shall be deposited in a candidate committee depository account established pursuant to the provisions of subsection 4 of this section, and

all expenditures shall be made through the candidate, treasurer, or deputy treasurer of the person's candidate committee ...

In *Spradlin v. City of Fulton,* 1998 WL 37620 (Mo.App.1998), this court resolved an issue similar to the one presented here. *Spradlin* concerned the Open Meetings Act, specifically, the interpretation of § 610.027.3 which stated, "Upon a finding by a preponderance of the evidence that a member of a public governmental body *has purposely violated sections 610.010 to 610.027,* the member may be subject to a civil fine ..." (emphasis added). The court in *Spradlin* made a distinction between purposely violating the sections and violating the sections by purposeful acts. It stated, "Section 610.027.3, however, requires the plaintiff to establish by a preponderance of the evidence that the governmental body 'purposely violated sections 610.010 to 610.027' – not establish that the body violated §§ 610.010 to 610.027 by purposeful acts." *Id.* at 4. We find this analysis to be persuasive in the instant case.

■ Here, § 130.081.1 provides that "Any person who purposely violates the provisions of this chapter is guilty of a class A misdemeanor." Therefore, the specific issue is whether Appellant purposely violated § 130.021.2, not whether he violated § 130.021.2 by purposeful acts. Section 562.016.2 states: "A person 'acts purposely', or with purpose, with respect to his conduct or to a result thereof when it is his conscious object to engage in that conduct or to cause that result." Here, for Appellant to be guilty, his "conscious object" had to be to violate § 130.021.2. The trial court stated, "the court finds no evidence that defendant intended to violate section 130.021, Revised Statutes of Missouri. But the court does find the defendant did act purposely in committing the acts which constitute a violation of the law." Thus, we conclude that the evidence in this case does not establish that Appellant purposely violated the provisions of § 130.021.2, and as such is insufficient to establish Appellant's guilt. The judgment of the trial court is reversed.

All concur.