STATE of Missouri, Respondent,

v.

Kimber L. DANIELS, Appellant.

No. WD 56933.

Missouri Court of Appeals,
Western District.

March 28, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 2, 2000.

Application for Transfer Denied
June 27, 2000.

Tara L. Jensen, Asst. Public Defender, for Appellant, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

Before: Presiding Judge HAROLD LOWENSTEIN, Judge JAMES SMART and Judge THOMAS NEWTON.

HAROLD L. LOWENSTEIN, Judge.

Appellant, Kimber Daniels, was convicted after a bench trial of one count of the felony of armed criminal action (§ 571.015 [1]). Appellant had previously plead guilty to a charge of the class B felony of Attempted Robbery in the First Degree (§ 564.011). Appellant was sentenced to three years for the armed criminal action conviction, to run concurrently with an eight-year sentence for the guilty plea of attempted robbery.

Appellant's convictions arose out of the following incident. While high on crack cocaine, appellant made a brief and unsuccessful attempt to rob a video store in Kansas City on the morning of July 19, 1998. The attempted robbery began when appellant approached a store employee who was working at the counter, came around the counter and demanded money. When ignored, she again demanded money and threatened she had a gun. Appellant repeated that she had a gun, and motioned as though she had it concealed in the small purse she was carrying. In actuality, however, the appellant did not have a gun.

After these threats, the store employee physically confronted the appellant and the two scuffled as the employee pushed her around the counter and towards the front door of the store. During this scuffle, the employee suffered an injury on his wrist consisting of a one-inch deep cut that was three to four inches long. The employee bled extensively from the wrist and was subsequently taken to the emergency room where he received ten stitches from the wound, which left a permanent scar. Also during the scuffle, two of the appellant's long, polished fingernails were ripped off.

No witness was able to identify how the store employee's wrist was cut, nor did anyone see any kind of weapon at all on the appellant. The only testimony relating to the store employee's injury was his own, stating that

". . . he vaguely caught a glimpse of silver, real small, something" at one point in the appellant's hand. He also testified that he could not say for sure that it wasn't a ring on the appellant's hand.

After being pushed towards the front door, the appellant attempted to reenter the store. Realizing that she did not have a gun, the store employee threatened to get his gun if she would not leave. After this threat, the appellant fled the store.

Appellant was arrested approximately one hour later. The arresting officer did not find a weapon on the appellant, but did recover her purse from her, which contained nothing that could be construed as a weapon. No object was ever discovered that could have caused the injury to the store employee's wrist.

At trial, the appellant denied using a knife or a dangerous instrument during the attempted robbery. The appellant was convicted of armed criminal action based on the court's belief that the attempted robbery "was committed with the assistance and aid of a dangerous instrument."

## STANDARD OF REVIEW

■ Review of a court-tried criminal case is the same as for a jury-tried crimi-

---

1. All statutory reference hereafter refer to RSMo 1994.

nal case. *State v. Owen,* 990 S.W.2d 158, 159 (Mo.App.1999). The appellate court accepts the state's evidence as true and gives the state the benefit of all reasonable inferences, disregarding all evidence to the contrary. *Id.; State v. Brewer,* 861 S.W.2d 765, 766 (Mo.App.1993). Witness credibility is a matter for the trial court, and is not within the province of the appellate court in a court-tried criminal case. *Brewer,* 861 S.W.2d at 766. Review is limited to determining if the State introduced evidence sufficient to allow a reasonable fact-finder to find each element of the offense charged beyond a reasonable doubt. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993).

## POINT RELIED ON

Appellant claims the trial court erred in overruling her Motion for Judgment of Acquittal at the Close of All Evidence. Appellant argues that the state's evidence was insufficient to support the court's finding of guilt beyond a reasonable doubt because the state did not establish that appellant committed a felony through the use, aid or assistance of a dangerous instrument or deadly weapon as required by § 571.015.

Section 571.015.1 governs the crime of armed criminal action and states in part that for a conviction under this statute, a person must have committed a felony "through the use, assistance, or aid of a dangerous instrument or deadly weapon." The term "dangerous instrument" (which the court based appellant's conviction on rather than a deadly weapon) is defined in § 556.061(9) as "any instrument, article or substance, which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury." "Serious physical injury" is defined as "physical injury that creates a substantial risk of death or that caused serious disfigurement or protracted loss or impairment of the function of any part of the body," pursuant to § 556.061(28).

The general question on appeal before this court is whether the evidence was sufficient to allow a reasonable trier of fact to conclude that in the appellant's commission of attempting to rob the video store she employed the use, assistance or aid of an instrument, article, or substance capable of causing death or serious disfigurement. Appellant argues that this appeal comes down to three questions:

1) Did appellant have an "instrument" at the crime scene that caused the cut on the store employee's wrist?

2) If so, does this instrument fit the statutory definition of a "dangerous" instrument?

3) If so, did appellant use the instrument in her commission of attempting to rob the video store?

 Ordinary objects can be considered "dangerous instruments" depending on the circumstances under which they are used. *See State v. Jackson,* 865 S.W.2d 678, 680 (Mo.App.1993). Caselaw has also held that a small knife (four-inch blade), *State v. Schuler,* 838 S.W.2d 19, 20–21 (Mo.App.1992), or even a "butter knife" (as described by defendant) can be a dangerous instrument if used under certain circumstances. *State v. Tankins,* 865 S.W.2d 848, 851–52 (Mo.App.1993). "In the absence of proof of its [a knife's] length, its dangerous qualities must be inferred by its effective cutting features in the hand of the defendant." *People v. Kersey,* 154 Cal. App.2d 364, 316 P.2d 52, 53 (1957).

 Thus, it is clear to this court that an object, even if never identified, that did indeed make a one inch deep wound is certainly considered a "dangerous instrument" as defined in § 556.061(9).

The case of *State v. Kee,* 956 S.W.2d 298 (Mo.App.1997), although involving more severe injuries to the victim than the case at hand, addressed the issue of whether there was sufficient evidence for an armed criminal action conviction. In both *Kee* and in the case at bar, there was no evidence adduced that a dangerous weapon

was used in the commission of the crime. In *Kee,* the appellant assaulted his estranged wife and argued that because no eyewitnesses saw the weapon and because the victim did not know what was used to stab her, that the state did not establish the use of a dangerous weapon beyond a reasonable doubt.

However, the trial court found that because the victim in *Kee* was admitted to the trauma center, and the emergency room physician testified there were short lacerations consistent with a short stabbing instrument, a legitimate inference could be made that the victim was stabbed with a sharp, knife-like object.

■ In comparison to the facts in the case at bar, the store employee was taken to the emergency room after the struggle with the appellant, and received ten stitches. Further, there was testimony from bystanders that blood was gushing down his shorts and all over the floor. The size and length of the wound also lead to the legitimate inference that the victim was cut by a "dangerous instrument" in the appellant's control.

*State v. Jones,* 679 S.W.2d 927 (Mo.App. 1984), is another case containing facts relevant to the case at bar. In *Jones,* the victim was abducted while jogging and forced to the ground while threatened by a sharp object pressed against her back. Her hands were then tied and her mouth was duct taped. As the defendant tried to force the victim into his car, she tried to escape and was drug along the ground next to the moving car until the defendant lost grip of her shirt.

Although the victim never saw a dangerous instrument, she testified to feeling something sharp against her back when her assailant threatened her and forced her to the ground. A knife was later found, and the defendant was charged with armed criminal action, amongst other charges.

Concerning the armed criminal action charge, the court held; "No prohibition is extent to preclude the State from proving the offense of armed criminal action by circumstantial evidence." *Id.* at 929. The court went on to say that the identity of the weapon was "known but to the defendant." *Id.* "Nothing in the statute requires the object [dangerous instrument] to be produced." *Id.* The court concluded "[t]he circumstances proved are consistent with each other and defendant's guilt and are inconsistent with any reasonable theory of his innocence. Sufficient evidence exists to prove all elements of the offense of armed criminal action." *Id.* at 930.

■ Appellant's last attempt to reverse her conviction for armed criminal action argues that even if this court affirms that she did indeed have an instrument and it was a "dangerous instrument," that she did not use it in her actual attempt to rob the video store, but rather she used the threat of a gun for that purpose. This court finds this argument completely without merit. The appellant's purpose of being on the premises was to rob the video store. The struggle that ensued between the appellant and the store employee was a consequence resulting from her attempted robbery pursuit. The wound to the employee was also a consequence, and as such, it was all part of the felony of attempted robbery. Point denied.

Given the standard of review, it was not unreasonable for a trier of fact to conclude that the appellant possessed a dangerous instrument during her attempt to rob the video store. Even though the state did not offer evidence that the wound was caused by a sharp, knife-like object, there still remains a reasonable inference that the appellant possessed and used a sharp instrument during the robbery attempt because of the length, and particularly the depth, and the severity of the wound itself. It was not unreasonable for the trial judge to conclude that the one-inch deep and three to four inch long wound on the store employee's wrist was caused by a sharp instrument in appellant's hand at the time of the struggle. The evidence was suffi-

cient to support the conviction of armed criminal action.

## CONCLUSION

The judgment of the trial court is affirmed.

All concur.