Glennon Hoppins filed two petitions for writ of habeas corpus, pro se, in the Circuit Court of Escambia County, Alabama. The trial court dismissed his petitions because he had failed to pay the docket fee prescribed by Code 1975, §12-19-70. The Court of Criminal Appeals reversed.451 So.2d 363.
The only issue presented on appeal is whether the appellate court erred in its application of 45B, A.R.A.P. That rule states:
 "In all cases appealed to the Court of Criminal Appeals, except those in which the death penalty has been imposed, the Court of Criminal Appeals shall consider only questions or issues presented in briefs on appeal."
Rule 45B, A.R.A.P.
In its brief, the State argues that because the petitioner filed no brief and therefore raised no issues on appeal, the Court of Criminal Appeals erred in reviewing the record on appeal. We disagree.
This Court approved Rule 45B, A.R.A.P. (effective January 1, 1982), which abolished the "search the record rule" set out in Code 1975, § 12-22-240. That statute stated in part that the Court of Criminal Appeals "must consider all questions apparent on the record or reserved in the circuit court." Code 1975, §12-22-240. In approving Rule 45B, this Court did not intend to restrict the authority of the Court of Criminal Appeals to consider obvious errors, but we instead intended to say that that court was no longer obligated to search the record. Any language in Rule 45B indicating otherwise is contrary to the intended effect of that provision.
WRIT DENIED. *Page 366 
MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.