**Larry LAWRENCE,
Petitioner–Appellant,**

v.

**Charlie JONES, Warden, and the Attorney General of the State of Alabama,
Respondents–Appellees.**

No. 87–7148

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 1988.

---

Helen Nelson, Asst. Atty. Gen., Montgomery, Ala., for respondents-appellees.

BEFORE HILL, HATCHETT and ANDERSON, Circuit Judges.

HILL, Circuit Judge:

In 1970 petitioner Lawrence pled guilty to a charge of sodomy and was placed on probation for a two year period. In 1975 petitioner was convicted of grand larceny, and in 1978, of burglary in the second degree. Finally, in 1981 Lawrence was convicted of theft of property in the second degree, and was sentenced under the Alabama Habitual Felony Offender Act to 15 years in prison, to be served concurrently with a sixteen-year sentence and a ten-year sentence. The state of Alabama and petitioner Lawrence agree that the sodomy conviction was used to enhance the 1981 sentence, and that Lawrence is currently placed in more restrictive custody and prevented from participating in community-based prisoner programs because of his prior sex offense.

Lawrence brings this writ of habeas corpus hoping to challenge the 1970 conviction on grounds that he received no assistance of counsel when he entered his guilty plea and that he was convicted pursuant to an unconstitutional statute. Alabama responds that Rule 9(a) of the Rules governing 28 U.S.C. § 2254 cases should prevent petitioner from challenging his 16–year–old conviction. Alabama maintains that it has been prejudiced by the subsequent deaths of both the petitioner's attorney and the judge who heard petitioner's 1970 case. Furthermore, Alabama asks this court to presume that a delay greater than five years is unreasonable; after such a delay the state would be relieved of the burden of demonstrating that the delay was unreasonable, and the petitioner would be saddled with the task of demonstrating its reasonableness.

Petitioner argues that the state has not been prejudiced by any delay in his writ, and that any prejudice to the state was caused by the deaths of the principal actors in the litigation rather than by petitioner's delay. Petitioner also asserts that his right to due process will be violated if the state is permitted to use the conviction to enhance his sentence at the same time that he is prevented from challenging the conviction on which the enhancement is based. Finally, he asserts that Alabama's recidivism statute is unconstitutional because it: (a) allows a court to consider any prior conviction, no matter how remote in time; (b) allows a court to consider crimes committed before the statute was enacted.

Rule 9(a) prevents the issue of writs in instances where the case has been delayed, the issues have become stale, and the state has been prejudiced by the delay. In order for the state to prevent Lawrence from challenging his conviction, it must: (1) dem-

onstrate that the delay in challenging the conviction was unreasonable; (2) make a particularized showing of prejudice; (3) causally connect the prejudice and the petitioner's delay.[1]

## THE DUE PROCESS CHALLENGE

■ We first address petitioner's argument that he will be denied due process if we permit the state to use the 1970 conviction to enhance his sentence, but allow Rule 9(a) to prevent him from challenging the conviction. The weight of precedent militates against petitioner's claim: this court has already intimated that it may allow enhancement at the same time that it enforces Rule 9(a). *Baxter v. Estelle*, 614 F.2d 1030 (5th Cir.1980), *cert. denied*, 449 U.S. 1085, 101 S.Ct. 873, 66 L.Ed.2d 810. Three other circuits have enforced Rule 9(a) under identical circumstances. *Tippett v. Wyrick*, 680 F.2d 52 (8th Cir.1982), *cert. denied*, 459 U.S. 992, 103 S.Ct. 350, 74 L.Ed.2d 389; *Arnold v. Marshall*, 657 F.2d 83 (6th Cir.1981), *cert. denied*, 455 U.S. 922, 102 S.Ct. 1280, 71 L.Ed.2d 463, *reh'g denied*, 455 U.S. 1008, 102 S.Ct. 1647, 71 L.Ed.2d 877; *Honeycutt v. Ward*, 612 F.2d 36 (2d Cir.1979), *cert. denied*, 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843.

Moreover, petitioner misunderstands the nature of his right to due process. The state and this court stood ready to accord petitioner his proper due process rights; the petitioner himself lost those rights by refusing to avail himself of them. Rule 9(a) is "intended to minimize abuse of the writ of habeas corpus by limiting the right to assert stale claims...." 28 U.S.C. § 2254, Rule 9(a), Advisory Committee Notes. "Subdivision (a) does not constitute an abridgement or modification of a substantive right under 28 U.S.C. § 2072. There are safeguards for the hardship case. The rule provides a flexible standard...." *Id.*

## THE CONSTITUTIONALITY OF THE ALABAMA HABITUAL FELONY OFFENDER STATUTE

■ Petitioner next argues that the Alabama Habitual Felony Offender statute unconstitutionally augments sentences based on convictions remote in time or handed down before the habitual offender statute was enacted. Petitioner misunderstands the nature of his conviction under the statute. Mr. Lawrence was not convicted for the old crimes; instead, the fact that those crimes had been committed led to an increased sentence for his new crime. The Supreme Court has specifically rejected the rationale Mr. Lawrence attempts to employ:

> Nor do we think the fact that one of the convictions that entered into the calculations by which petitioner became a fourth offender occurred before the Act was passed, makes the Act invalidly retroactive or subjects the petitioner to double jeopardy. The sentence as a fourth offender or habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.

*Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948).

The *Gryger* reasoning also undermines petitioner's claim that the statute unconstitutionally permits enhancement based on crimes remote in time. Petitioner incurs no new punishment for the original crime; the constitutional inquiry focusses on the relation between the penalty imposed and the new, aggravated crime. Consequently, we do not find the Alabama statute unconstitutional for either of the reasons suggested by petitioner.

## THE APPLICATION OF RULE 9(a)

■ Finally, petitioner maintains that the state has not met its burden of proving

---

**1.** Rule 9(a) provides that: "[a] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."

that the writ should be dismissed under Rule 9(a). We agree. In order to successfully defeat a writ using 9(a), this court has determined that the state must make three demonstrations. First, the state must show that the delay perpetrated by the petitioner was unreasonable. Here, the state has made a valid showing. However, the state must also make a particularized showing of the prejudice which it has suffered, and must prove that the prejudice was caused by the delay. The state has not yet proven the latter two tenets.

### 1. Unreasonable delay.

We refuse to accept the state's invitation to presume unreasonable delay merely because five years have elapsed between the conviction and the writ of habeas corpus. While the state correctly cites that exact proposition from the Advisory Notes to Rule 9(a), those notes do not reflect the change in the rules made by Congress:

> Congress deleted the presumption and the five year period from the rule, finding those provisions to be 'unsound policy' and inconsistent with prior case law establishing that habeas corpus is governed by equitable principles. H.R. No. 1471, 94th Cong., 2d Sess. 1, 5, reprinted in [1976] U.S.Code Cong. & Admin.News 2478, 2481.

*Hill v. Linahan,* 697 F.2d 1032, 1035 n. 3 (11th Cir.1983).

Nevertheless, we find that the state has sufficiently carried its burden of demonstrating that the delay was unreasonable. Here, petitioner waited sixteen years before asserting his claim; in that time he served his probationary period for the sodomy conviction, and has since served six years of his enhanced sentence. Petitioner is unable to present any rationale defending the substantial time lag between the alleged constitutional violations and the time when he finally asked the courts to redress them. Under these circumstances, we accept the state's contention that Lawrence's delay was unreasonable.

### 2. Particularized showing of prejudice.

At the same time, we do not believe that the state has successfully made a particularized showing of prejudice: while the state has alleged that both the defense attorney and the judge involved in the 1970 conviction have died, and that only minimal (and insufficient) records of the proceeding remain, the state has not yet offered any concrete proof of the allegations.

### 3. Linking the prejudice to the delay.

Finally, the state must demonstrate that the prejudice caused it resulted from the petitioner's delay in bringing the writ, i.e., that the prejudice would not have resulted had the writ been filed at an earlier time. *Hill,* 697 F.2d at 1035. The district court needs to determine when the prejudicial deaths occurred and any other circumstances that would show that Alabama would have been in a position to show the facts surrounding Mr. Lawrence's conviction had he only brought his claim earlier.[2]

The opinion of the district court is VACATED and this case is REMANDED for further proceedings in accordance with this opinion.

---

**2.** On remand the state might meet this burden of proof by submitting death certificates, evidence of routine record disposal procedures, or other pertinent evidence.