Willie Earl BEDFORD,
Petitioner–Appellee,

v.

ATTORNEY GENERAL OF the STATE
OF ALABAMA and Charlie E. Jones,
Respondents–Appellants.

No. 90–7266.

United States Court of Appeals,
Eleventh Circuit.

June 24, 1991.

Don Siegelman, Atty. Gen., Cecil G. Brendle, Jr., Asst. Atty. Gen., Montgomery, Ala., for respondents-appellants.

John Charles Robbins, Polson, Jones, Bowron & Robbins, P.C., Birmingham, Ala., for petitioner-appellee.

ON PETITION FOR REHEARING AND
SUGGESTION OF REHEARING
EN BANC

(Opinion, 924 F.2d 203, 11th Cir., 1991).

Before KRAVITCH and ANDERSON, Circuit Judges, and ATKINS *, Senior District Judge.

ANDERSON, Circuit Judge:

No member of this panel nor other judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Fed.R.App.P.; 11th Cir. Rule 35–5), the suggestion of rehearing en banc is DENIED. However, the original panel hereby grants rehearing (although on grounds other than those urged by appellants), withdraws the previous panel opinion dated February 19, 1991, published at 924 F.2d 203 (11th Cir.1991), and substitutes the following opinion:

## I. STATEMENT OF THE CASE

■ In the fall of 1971, appellee Willie Earl Bedford ("Bedford") allegedly committed a murder.[1] On March 2, 1972, Bedford pled guilty to first degree murder and two other offenses, assault with intent to murder and assault with intent to ravish. The judge who accepted the guilty plea advised Bedford of the charges against him and otherwise took all steps necessary to ensure that the plea of guilty was voluntarily entered, save one. The trial judge did not inform Bedford of his right to request youthful offender status under the then newly enacted Alabama Youthful Offender Act, Ala.Code § 15–19–1 et seq. ("the Act").[2] Although the decision whether to grant youthful offender status is discretionary with the trial judge, the judge has a mandatory duty to "inform eligible defendants of the provisions of the Youthful Offender Act." *Coleman v. Alabama*, 827 F.2d 1469, 1473 (11th Cir.1987) (citing *Robinson v. State*, 429 So.2d 682 (Ala.Ct.Crim. App.1983); *Clemmons v. State*, 56 Ala. App. 275, 321 So.2d 237 (Ala.Ct.Crim.App. 1974), *aff'd.*, 294 Ala. 746, 321 So.2d 238 (1975)).[3] After Bedford entered his plea of guilty, he was sentenced to life imprisonment on the first degree murder count, and to concurrent sentences of 20 years on each of the other two counts.

Bedford subsequently attempted to file a direct appeal in the Alabama Court of Criminal Appeals (the "direct appeal"). However, the state moved to dismiss the appeal on the basis of untimely filing of the notice of appeal. The court granted the state's motion to dismiss without explanation. *See* R1–6 Exhibit C.

Bedford first presented the claim that his guilty plea was involuntary because he was not informed of the provisions of the Act

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. The record does not reveal the nature of the crime.

2. Section 15–19–1, which became effective on February 10, 1972, provides:

   (a) A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall, and, if charged with a lesser crime may be investigated and examined by the court to determine whether he should be tried as a youthful offender, provided he consents to such examination and to trial without a jury where trial by jury would otherwise be available to him. If the defendant consents and the court so decides, no further action shall be taken on the indictment or information unless otherwise ordered by the court as provided in subsection (b) of this section.

   (b) After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information; or the court may decide that the defendant shall not be arraigned as a youthful offender, whereupon the indictment or information shall be deemed filed.

   In *Coleman v. Alabama*, 827 F.2d 1469, 1474–75 (11th Cir.1987), this court ruled that the Alabama Youthful Offender Act applied, as in the instant case, where the defendant committed his crime before the Act's effective date but entered a guilty plea after such date.

3. In *Coleman*, we held that the failure of the trial judge to inform the defendant of the provisions of the Youthful Offender Act renders the guilty plea involuntary and thus constitutionally infirm under the Due Process Clause. *Coleman* at 1472–74. In the instant case, the state does not argue that Bedford is not entitled to relief on the merits if he was not so informed at the plea proceeding. Rather, as discussed below in text, the state argues that Bedford's claim is procedurally barred and that the length of time that has passed since the 1972 plea has prejudiced its ability to respond to the petition. *See* Rules Governing § 2254 Cases 9(a).

(the "*Coleman* claim") in an October 15, 1987 petition for post-conviction relief filed in the Circuit Court of St. Clair County, Alabama under Ala.R.Crim.P. 20 (the "rule 20 petition"). The state moved to dismiss the rule 20 petition, arguing that Bedford's Coleman claim was procedurally barred because it was not raised at trial or on direct appeal, and that Bedford was not entitled to relief because he committed the crime before the Act's effective date.[4] R1–6 Exhibit A at 7. The circuit court, without explanation, granted the state's motion to dismiss. R1–6 Exhibit A at 9. Bedford then filed a timely notice of appeal in the Alabama Court of Criminal Appeals (the "rule 20 appeal").[5] In his notice of appeal, Bedford again raised the *Coleman* claim. However, Bedford failed to file a brief in the Alabama appellate court. The state, in its brief, pointed out that Bedford neglected to file a brief. The appellate court affirmed the circuit court without explanation. *See Bedford v. State*, 531 So.2d 63 (1988) (table).

Bedford subsequently filed the instant action under 28 U.S.C. § 2254, asserting his *Coleman* claim. Although the state argued that the claim was procedurally barred, the district court granted the writ. The district court found that the Alabama court's affirmance of the circuit court's dismissal of the rule 20 petition without explanation did not satisfy *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The state renews its procedural default argument on appeal. The state also argues that prejudice arising from the lapse of time since Bedford's guilty plea should have led the district court to dismiss the petition under Rule 9(a) of the Rules Governing § 2254 Cases ("rule 9(a)").

**4.** The latter claim, of course, fails under *Coleman. See* note 2, *supra.*

**5.** Actually, before Bedford filed the notice of appeal, he filed a habeas corpus petition in federal court. That petition, which is not at issue here, was dismissed because the time to appeal in the Alabama action had not expired and thus state remedies were not yet exhausted.

**6.** Bedford might have presented this claim in a 1978 state coram nobis petition, which was denied. However, the state does not contend that

## II.  DISCUSSION

### A.  *The Procedural Default Issue*

The state argues that Bedford's *Coleman* claim is procedurally barred because Bedford's direct appeal was dismissed for failure to file a timely notice of appeal and because the rule 20 appeal was dismissed for failure to file a brief. With regard to the direct appeal, although we might agree that that appeal was dismissed on the procedural ground urged by the state, the *Coleman* claim was not presented to any Alabama court until Bedford filed the rule 20 petition in 1987.[6] Therefore, Bedford's *Coleman* claim is procedurally barred only if the rule 20 appeal was dismissed on grounds of procedural default.

In *Harris v. Reed, supra,* the Court held that a state procedural default is not an adequate and independent state ground of decision barring federal review in the absence of a clear and express statement by the state court relying on the procedural default to deny relief. The state urges that the rule 20 petition was dismissed because Bedford failed to file a brief. Although recognizing that the court did not state this ground expressly, the state argues that Ala.R.App.P. 45B "require[s] issues to be presented in brief on appeal or else be procedurally barred." Brief of Appellant at 8 (citing *Johnson v. State*, 500 So.2d 494 (Ala.Ct.Crim.App.1986); *Vinzant v. State*, 462 So.2d 1037 (Ala.Ct.Crim.App. 1984)). Therefore, the state contends, the Alabama Court of Criminal Appeals clearly and expressly dismissed the rule 20 appeal on grounds of procedural default, *i.e.*, for failure to file a brief, because rule 45B requires this disposition in all cases.[7] Ala-

it was presented then, and has not provided a record of that proceeding in the record on appeal.

**7.** The state also argues that *Harris v. Reed, supra,* is not applicable here because Bedford's *Coleman* claim was never presented to the Alabama courts. *See Harris v. Reed,* 109 S.Ct. at 1043 & n. 9 ("[The] rule [that the last state court rendering a judgment in the case clearly and expressly state that its judgment rests on a state procedural bar] necessarily applies only when a

bama law and *Harris v. Reed* require that we reject the state's argument.

Ala.R.App.P. 45B provides:

In those criminal cases in which the death penalty has not been imposed, the Court of Criminal Appeals *shall not be obligated* to consider questions or issues not presented in briefs on appeal.

(emphasis added). An older version of the same rule provided:

In all cases appealed to the Court of Criminal Appeals, except those in which the death penalty has been imposed, the Court of Criminal Appeals *shall* consider *only* questions or issues presented in briefs on appeal.

(emphasis added).

The Alabama Supreme Court had occasion to consider the applicability of the old rule to a situation where the petitioner filed no brief in *Hoppins v. State,* 451 So.2d 365 (Ala.1983). Despite the use of the seemingly mandatory word "shall" in the old rule, the court held that the Alabama Court of Criminal Appeals still retained discretion to consider issues in cases where the petitioner filed no brief. *Id.* at 365. After the *Hoppins* decision, the state legislature amended the old rule, *i.e.,* inserted the words "shall not be obligated," "so that

this rule will agree with the holding in *Hoppins v. State."* Ala.R.App.P. 45B comment. In addition, Ala.R.App.P. 2(a)(2), the vehicle by which appeals are dismissed, *see, e.g., Crenshaw v. State,* 565 So.2d 1284, 1285 (Ala.Ct.Crim.App.1990), provides that "an appeal *may* be dismissed ... if an appellant fails to file [a] brief." (emphasis added). *See Watts v. State,* 337 So.2d 91, 91 (Ala.Ct.Crim.App.1976) ("It should be noted that Rule 2(a)(2) states that an appeal *may* be dismissed for failure of the appellant to file a brief. Such dismissal is not mandatory.") (emphasis in original).[8] *See also* Ala.R.App.P. 2 committee comments ("In criminal cases, because of constitutional requirements and with due regard for the fundamental rights of a defendant, the interplay between available penalties for noncompliance with the rules, on the one hand, and suspension of the rules, on the other hand, *is left to the sound discretion of the court of criminal appeals."*) (emphasis added). In the face of this clear evidence that the Alabama Court of Criminal Appeals has discretion to consider issues on appeal despite the lack of an appellant's brief, the state's argument— that the court was required to dismiss the rule 20 appeal—has absolutely no merit.[9]

---

state court has been presented with the federal claim...."). *See also id* 109 S.Ct. at 1046–47 (O'Connor, J., concurring).

Although it may be true that the Alabama courts may deem an issue as not presented where no brief is filed, *see, e.g., Lacy v. State,* 565 So.2d 287, 288 (Ala.Ct.Crim.App.1990), it is clear, as discussed in the text below, that the Alabama Court of Criminal Appeals has discretion to consider issues despite the lack of a brief. The *Harris v. Reed* exception, which may be applicable where "no state court was ever given the opportunity to pass on either the procedural posture or the merits of the constitutional claim," *Harris v. Reed,* 109 S.Ct. at 1047 (O'Connor, J., concurring), is inapplicable to the instant case. The Alabama appellate court did have such an opportunity because Bedford presented the *Coleman* claim in the notice of appeal. Moreover, the instant case does not present a situation where the petitioner has "bypass[ed] state postconviction remedies entirely in the hope that the lack of a state court decision as to the applicability of the State's procedural bar would be treated as 'ambiguity.'" *Harris v. Reed,* 109 S.Ct. at 1047 (O'Connor, J., concurring). Therefore, the question in the instant case is not whether Bedford's *Coleman*

claim was ever presented to the state courts, but rather, whether when the claim was presented the state courts declined to hear it by reason of a procedural bar.

8. We recognize that the *Watts* court's reliance on 15 Ala.Code § 389 (current version at Ala. Code § 12–22–240) is no longer valid. Section 12–22–240's requirement that the Alabama Court of Criminal Appeals search the record for error in all criminal cases was abolished by the 1982 adoption of Ala.R.App.P. 45B. *Biddie v. State,* 516 So.2d 846, 847 (Ala.1987) ("Rule 45B abolished the 'search the record' requirement of § 12–22–240"); *Hoppins v. State,* 451 So.2d 365, 365 (Ala.1983) (same). However, *Watts'* holding that dismissal of an appeal for failure to file a brief is not mandatory remains the law. In *Hoppins,* the Alabama Supreme Court reaffirmed that the Court of Criminal Appeals has discretion not to dismiss an appeal in the same paragraph in which it recognized that rule 45B superseded § 12–22–240. *Hoppins,* 451 So.2d at 365.

9. In addition, the Alabama Rules of Appellate Procedure require a dismissal of an appeal only when the notice of appeal is not timely filed.

The state's argument that the Court of Criminal Appeals exercised its discretion not to hear Bedford's rule 20 appeal also lacks merit. Initially, we note that even the lower state court's resolution of Bedford's rule 20 petition was ambiguous. The lower court dismissed the case without explanation in the face of the state's alternative arguments that the *Coleman* claim was procedurally barred and that Bedford was not entitled to relief on the merits. On appeal, the Court of Criminal Appeals affirmed. That affirmance was ambiguous for two reasons. First, the lower court's dismissal was ambiguous and therefore it is unclear exactly what the appellate court was affirming. Second, the Court of Appeals' usual practice in cases where it decides not to hear a case because no brief was filed is to *dismiss* the appeal, not to *affirm. See, e.g., Crenshaw v. State,* 565 So.2d 1284, 1285 (Ala.Ct.Crim.App.1990) (no brief; appeal dismissed); *Lacy v. State,* 565 So.2d 287, 288 (Ala.Ct.Crim.App.1990) (same). Therefore, under *Harris v. Reed,* we hold that because there was no "clear and express" statement by the state court relying on a state procedural default, Bedford's *Coleman* claim is not procedurally barred.

### B. *The State's Prejudice Argument*

The state argues that the lengthy delay between the time that Bedford pled guilty and the instant habeas petition prejudiced its ability to respond to the petition under rule 9(a).[10] The state argues that, because of the delay, Bedford's trial counsel cannot remember whether he informed Bedford of the possibility of youthful offender status, and that the trial judge and Bedford's mother, both potential witnesses to what transpired at the plea proceeding, are dead. The district court, after holding an evidentiary hearing, found that the state did not meet its burden of showing prejudice, noting that the state "failed to present any evidence of prejudice." We agree with the district court.

To support its argument, the state cites the Advisory Committee notes to rule 9(a), which provide that the passage of more than five years from the time of the judgment of conviction to the time that the federal habeas petition is filed creates a rebuttable presumption of prejudice to the state. However, in *Lawrence v. Jones,* 837 F.2d 1572, 1575 (11th Cir.1988), a case cited by the state, the court "refuse[d] to accept the state's invitation to presume unreasonable delay merely because five years have elapsed between the conviction and the writ of habeas corpus." The *Lawrence* court based this holding on Congress' express rejection in the final rule of the five year presumption that appeared in rule 9(a) as proposed by the Supreme Court. *See* H.R. No. 1471, 94th Cong., 2d Sess. 1, 5, *reprinted in,* 1976 U.S.Code Cong. & Admin. News 2478, 2481 ("The legislation amends Rule 9(a) in both the § 2254 rules and the § 2255 rules by deleting the language relating to the rebuttable presumption after 5 years and the calculation of the five year period. The Committee believes that it is unsound policy to require the defendant to overcome a presumption of prejudice and that the legislation brings rule 9(a) into conformity with other provisions of law.").

*See also Hill v. Linahan,* 697 F.2d 1032, 1035 n. 3 (11th Cir.1983). The *Lawrence* court also placed the burden of showing prejudice on the state. *Lawrence* at 1574–75.

In order to show prejudice, the state must show: (1) that the petitioner's delay was unreasonable; (2) that it has suffered

---

*Hardeman v. Mayfield,* 429 So.2d 1097 (Ala.Ct. Civ.App.1983). The state does not argue that Bedford did not file a timely notice appealing the dismissal of the rule 20 petition.

**10.** Rule 9(a) provides:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

some particularized prejudice; and (3) that the prejudice was caused by the delay. *Lawrence* at 1575. Although the almost 18 year delay in the instant case may be unreasonable, we agree with the district court that the state has failed to show particularized prejudice. The magistrate judge held an evidentiary hearing for the express purpose of determining whether Bedford had knowledge of his right to seek treatment as a youthful offender, and of determining whether the state was prejudiced by Bedford's delay in raising the claim. Both Bedford and his trial counsel testified. The magistrate judge apparently credited Bedford's testimony that he was neither informed in open court nor otherwise advised of his right to request youthful offender treatment. Bedford's testimony was corroborated by the testimony of his attorney that he did not remember informing Bedford of his right to request youthful offender status and that he did not see anything to indicate that he, the attorney, was aware of the youthful offender option at the time. This testimony is also corroborated by the record of the plea proceeding, which is devoid of any reference to the Alabama Youthful Offender Act. The magistrate judge found that Bedford did not know from any source of his right to seek youthful offender treatment. The magistrate judge also found that the state was not prejudiced by the delay in bringing the claim. "One of the issues that the court said it would consider in the evidentiary hearing was whether respondents have been prejudiced by Bedford's delay in bringing the petition and if so, whether prejudice may be attributed to the delay; however, respondents failed to present any evidence of prejudice." Report and Recommendation of the Magistrate Judge, Record on Appeal, Tab 21 at 7. The district court agreed with the magistrate judge.

The state now argues that it was prejudiced by the delay because of the deaths of the state trial judge and Bedford's mother. We reject the state's prejudice argument for several reasons. First, the magistrate judge held an evidentiary hearing on this issue, and found that Bedford was never advised of the Youthful Offender Act and the state had adduced no evidence of prejudice. Notwithstanding its duty as appellant, the state has not included in the record on appeal the transcript of the evidentiary hearing. Accordingly, we are in no position to second guess the factual findings of the court below. Moreover, there was testimony by both Bedford and his attorney to support the finding that Bedford was not informed, and this was corroborated by the record of the plea proceeding. It is not likely that the testimony of the trial judge would have been helpful. It is unlikely that the trial judge would have had extra-record communication with Bedford, and the complete record of the plea proceeding makes it clear that Bedford was not informed on the record of the Youthful Offender Act. Thus, the state's prejudice argument is reduced to the speculation that Bedford's deceased mother might have materially assisted the factfinding process. Under these circumstances, we cannot conclude that the district court's finding of no prejudice is clearly erroneous.[11]

For the foregoing reasons, we reject the only two arguments raised by the state on appeal; *i.e.*, the procedural default challenge and the prejudice argument. Accordingly, the well-reasoned decision of the district court is

AFFIRMED.

---

11. The parties agree that the appropriate standard of review is clearly erroneous.