**Michael Rene PARDUE,**
**Petitioner–Appellee,**

v.

**Larry BURTON, Respondent–Appellant.**

No. 91–7968.

United States Court of Appeals,
Eleventh Circuit.

July 26, 1994.

**1094**

Robin Blevins, Asst. Atty. Gen., Montgomery, AL, for appellant.

Melissa Jill Ganus, E. Barry Johnson, Miller, Hamilton, Snider & Odom, Mobile, AL, for appellee.

Before KRAVITCH and COX Circuit Judges, and HENDERSON, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

Appellee Michael Rene Pardue, an Alabama state prisoner, filed a petition for a writ of habeas corpus to set aside his guilty pleas to two state-court counts of first degree

murder and three counts of grand larceny. Pardue argues that these pleas were constitutionally infirm because the trial court did not advise him of his right to request treatment under the Alabama Youthful Offender Act.[1] The district court granted habeas corpus relief. The State of Alabama appealed. For the reasons discussed below, we VACATE the district court's order and REMAND this action for the district court to resolve an issue of fact, and to further consider two alternate grounds for relief raised in the petition but not addressed by the district court.

## I.

On January 11, 1973, at age sixteen, Pardue pleaded guilty to automobile burglary and grand larceny in the Circuit Court of Mobile County, Alabama. He was sentenced under the Youthful Offender Act to two concurrent three-year suspended sentences. In July 1973, he was indicted on charges of first degree murder, and subsequently was found guilty following a jury trial.

On October 24, 1973, Pardue, then seventeen, pleaded guilty to two counts of first degree murder and three counts of grand larceny. At the time Pardue entered these pleas, the trial judge explained the charges to him, as well as certain constitutional rights he was waiving by pleading guilty. However, the judge failed to inform him of his right to request youthful offender treatment pursuant to the Youthful Offender Act. Pardue was sentenced to two consecutive terms of life imprisonment on the murder convictions and three concurrent ten-year terms of imprisonment on the larceny convictions.

Pardue filed a *pro se* appeal,[2] and the Alabama Court of Criminal Appeals affirmed

his sentences and convictions without opinion. Pardue then filed a petition for post-conviction relief in state court, arguing, *inter alia,* that he was not properly informed of his right to request youthful offender treatment or of his right to appeal his pleas, and that his trial counsel was constitutionally ineffective. After two evidentiary hearings, the petition was denied on the merits, and the denial was affirmed by the Alabama Court of Criminal Appeals. *Pardue v. State,* 566 So.2d 502 (Ala.Crim.App.1990).

Pardue filed this habeas petition pursuant to 28 U.S.C. § 2254, again arguing that his guilty pleas were involuntary because the trial court failed to inform him of the provisions of the Youthful Offender Act, and that his trial counsel was constitutionally ineffective. He further argues that he was unconstitutionally denied his right to counsel on direct appeal. The magistrate judge recommended that Pardue be granted habeas corpus relief on the ground that the trial court had failed to inform him of the provisions of the Youthful Offender Act. In the alternative, the magistrate judge recommended granting the writ for the purpose of permitting Pardue to be represented by counsel on his appeal as of right.[3] The district court adopted the magistrate judge's recommendation only insofar as it addressed the guilty plea issue. The court entered judgment granting a writ of habeas corpus, so that Pardue might enter new pleas.

The state timely appealed the district court's order. Pardue, through newly appointed counsel, has filed an untimely cross-appeal contesting the district court's failure to grant habeas corpus relief as to his claims

---

**1.** The Youthful Offender Act, codified at Ala.Code § 15–19–1, provides:
> A person charged with a crime which was committed in his minority but was not disposed of in juvenile court and which involves moral turpitude or is subject to a sentence of commitment for one year or more shall be investigated and examined by the court to determine whether he should be tried as a youthful offender.... After such investigation and examination, the court, in its discretion, may direct that the defendant be arraigned as a youthful offender, and no further action shall be taken on the indictment or information.

The purposes of the Act are "to extricate persons below twenty-one years of age from the harshness of criminal prosecution and conviction... [and] to provide them with the benefits of an informal, confidential, rehabilitative system." *Raines v. State,* 294 Ala. 360, 363, 317 So.2d 559, 561 (1975).

**2.** The state trial court denied Pardue's motion for assistance of counsel on appeal.

**3.** The magistrate judge did not address Pardue's ineffective assistance of counsel claim.

of ineffective assistance of counsel and denial of counsel on direct appeal.

## II.

### A. Validity of Guilty Pleas

Pardue argues that his due process rights were violated by the trial court's failure to inform him, at the plea hearing, of his right to apply for youthful offender status. He thus argues that his guilty pleas must be vacated.

 To be valid, a guilty plea must be made voluntarily and with full knowledge of the consequences. *Boykin v. Alabama,* 395 U.S. 238, 241–42, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969). Because a plea of guilty "is a conviction," anything less than an "affirmative showing" that it was made intelligently and voluntarily amounts to plain error. *Id.* In *Coleman v. Alabama,* 827 F.2d 1469, 1473 (11th Cir.1987), we recognized that the protections set forth in *Boykin* require that an accused "have information concerning the range of punishment prescribed by the act to which he may be sentenced."

 Under Alabama's Youthful Offender Act, a trial court may choose to arraign a defendant as a "youthful offender," and thus apply a more lenient scheme of punishment.[4] Although this decision is within the trial court's discretion, we have held that the court nonetheless has a "mandatory duty to 'inform eligible defendants of the [Act's] provisions.'" *Bedford v. Attorney General of State of Alabama,* 934 F.2d 295, 296 (11th Cir.1991) (quoting *Coleman,* 827 F.2d at 1473). This duty is imposed to ensure that the defendant is "fully informed of what [constitutional] rights he is waiving and the effect of pleading guilty to the charge." *Coleman,* 827 F.2d at 1473. Where a defendant is unaware of the Act's provisions, his plea cannot be entered "with full knowledge as required by the due process clause of the federal constitution." *Id.* at 1474; *see also LoConte v. Dugger,* 847 F.2d 745, 751 (11th Cir.) ("In order for a guilty plea to be

entered knowingly and intelligently, the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of ... the legal options and alternatives that are available."), *cert. denied,* 488 U.S. 958, 109 S.Ct. 397, 102 L.Ed.2d 386 (1988).

In *Bedford,* we affirmed a grant of habeas corpus relief in the case of a state prisoner whom the trial court did not advise of his rights under the Youthful Offender Act. In doing so, we held that "the failure of the trial judge to inform the defendant of the provisions of the Youthful Offender Act renders the guilty plea involuntary and thus constitutionally infirm." *Bedford,* 934 F.2d at 296 n. 3 (citing *Coleman,* 827 F.2d at 1472–74). This seemingly absolute language, however, belies the fact that our holding in *Bedford* was based on a magistrate judge's finding that the defendant "did not know *from any source* of his right to seek youthful offender treatment." *Id.* at 300 (emphasis added). We nonetheless did not set forth in *Bedford* the precise framework that a court should follow in determining whether a defendant had independent knowledge of the relevant Youthful Offender Act provisions, even absent a trial court's advisement. We take this opportunity to do so.

 A defendant satisfies his threshold burden of showing that a guilty plea was obtained unconstitutionally when he demonstrates that the trial court failed to advise him of his rights under the Youthful Offender Act. After a defendant demonstrates such a failure by the trial court, the burden shifts to the state to show that the defendant nonetheless had knowledge of the Act's protections. *See Fox v. Kelso,* 911 F.2d 563, 570 (11th Cir.1990). If the state can demonstrate that a defendant had full knowledge of the relevant provisions of the Youthful Offender Act, then *Boykin* is not violated because the accused was in fact fully aware of his rights. *Cf. Owens v. Wainwright,* 698 F.2d 1111, 1113 (11th Cir.) (although trial court failed to

---

4. Under the Act, a defendant may receive as punishment a suspended sentence, probation, a fine, or no more than three years in the custody of the board of corrections. Ala.Code § 15–19–

6. Unlike other convictions, adjudication under the Act will not disqualify a defendant from public office or employment, or lead to the forfeiture of any rights.

inform defendant of minimum sentence, guilty plea was entered knowingly because attorney had so advised defendant), *cert. denied,* 464 U.S. 834, 104 S.Ct. 117, 78 L.Ed.2d 116 (1983). The state's showing must be based on affirmative evidence; to "presum[e] waiver from a silent record is impermissible." *Boykin,* 395 U.S. at 242, 89 S.Ct. at 1712 (quoting *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962)).

■ In the present case, it is undisputed that the state trial court failed to inform Pardue of his right to request treatment as a youthful offender. The record is silent, however, as to whether Pardue had independent knowledge of the Act's protections. The state argues, as it did below, that because Pardue had been sentenced as a youthful offender some nine months earlier, in a different action, he must have been aware of the relevant provisions of the Youthful Offender Act. The magistrate judge did not determine whether Pardue had such independent knowledge. Rather, he apparently concluded that because the state trial court in this case did not advise Pardue of his rights under the Act before entry of the guilty pleas, the pleas were void.[5] The district court adopted this portion of the magistrate judge's recommendation.

5. It is unclear from the magistrate judge's opinion the extent to which he considered that Pardue may have had independent knowledge of the relevant Youthful Offender Act provisions. The magistrate judge found that "evidence exists in the record that Pardue knew about the Act," but continued, "without notice of the provisions of the Act prior to entry of the guilty pleas, this Court simply cannot find a valid waiver." As we have held herein, the magistrate judge on remand may find the pleas valid even absent the trial court's proper advisement, but only upon affirmative evidence of Pardue's independent knowledge, as set forth in the record or developed at an evidentiary hearing. We leave to the district court the question whether this determination can be made from the present record, or if a further evidentiary hearing is necessary.

6. The state argues that the trial court's failure constituted harmless error because, given his previous criminal record and the seriousness of his crimes, Pardue would have made an unlikely candidate for youthful offender treatment. A

It is apparent that Pardue had at least some general awareness of the Youthful Offender Act, having been sentenced under the Act over nine months earlier for theft and larceny. Nevertheless, it is altogether unclear whether he knew that he was entitled to request treatment as a youthful offender for the instant crimes to which he pleaded guilty. Without more, we may not infer from the fact that he previously had availed himself of the Act's protections—as a sixteen year old facing far less serious crimes—that he knew of his right to invoke the Act's protections as to the instant crimes.

■ A remand is required for the district court to determine, based on the holding set forth herein, whether Pardue was in fact aware of his right to request youthful offender status at the time he entered the guilty pleas at issue. Accordingly, we remand to the district court for such consideration.[6]

B. Alternate Grounds for Habeas Relief

■ Pardue did not timely cross-appeal the failure of the district court to grant habeas relief on the alternative grounds of denial of counsel on direct appeal and ineffective assistance of counsel.[7] After Pardue had filed his initial *pro se* brief, however, his newly appointed counsel filed a brief addressing these issues. Because the district

claim that a plea was not knowing and voluntary because a defendant did not know of his full pleading alternatives may not be subject to harmless error analysis. As we recognized in *Coleman,* it is irrelevant in such a case whether a defendant would have been sentenced as a youthful offender had he requested such treatment. *See Coleman,* 827 F.2d at 1475; *cf. Henderson v. Morgan,* 426 U.S. 637, 650, 96 S.Ct. 2253, 2260, 49 L.Ed.2d 108 (1976) (White, J. concurring) (observing that it cannot be harmless error where a defendant has not made an independent and voluntary decision to plead guilty).

7. Pardue bases his ineffective assistance claim on, *inter alia,* the contention that his counsel failed to investigate the circumstances of his arrest and confession, which assertedly would have turned up exculpatory evidence; failed to contact assertedly exculpatory witnesses, despite Pardue's suggestion that he do so; incorrectly informed Pardue that if he did not plead guilty, he would probably receive the death penalty; and failed to inform Pardue of the elements of the crimes to which he pleaded guilty and of his right to appeal the pleas.

court did not address these issues, they are not properly before this court.

On remand, the district court should consider Pardue's claims of denial of the right to counsel on appeal, *see Douglas v. California,* 372 U.S. 353, 358, 83 S.Ct. 814, 817, 9 L.Ed.2d 811 (1963), and ineffective assistance of counsel.

### III.

For the reasons discussed above, we VACATE the district court's order and REMAND this action to the district court for resolution of the relevant factual issues as set forth herein, and for consideration of petitioner's alternate grounds for habeas relief.