KELLUM, Judge.
The appellant, David Christopher Maye, appeals from the circuit court’s revocation of his probation. The record indicates that Maye was convicted of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. The record does not contain details of Maye’s sentence; however, the record does indicate that Maye was sentenced to eight years’ imprisonment and was placed on supervised probation in 2008.
While on probation, Maye violated the terms and conditions of his probation. Maye was subsequently arrested, and on October 7, 2009, he was given notice that he violated the terms and conditions of his probation by failing to pay court-ordered moneys, failing to appear in court in April 2009 and June 2009, failing to enter and complete a treatment program, failing to meet with the court-referral officer, failing to report to his probation officer, and failing to pay supervision fees. While out on bond, Maye was arrested again for alleged probation violations. On June 2, 2010, the circuit court notified Maye that, in addition to the violations alleged in October 2009, Maye had violated the terms and conditions of his probation by failing to do *284 submit to drug screens and by failing to appear in court in January 2010 for his revocation proceedings.
The circuit court conducted a probation-revocation hearing on June 80, 2010. At the probation-revocation hearing, Maye admitted to violating the terms and conditions of his probation. Specifically, Maye admitted to the violations as to which he received notice from the circuit court. Based on Maye’s admission, the circuit court revoked his probation and ordered that Maye serve the balance of his eight year sentence. In its order, the circuit court specifically stated that Maye was not a “technical violator,” for purposes of § 15-22-54, Ala.Code 1975. This appeal followed.
Maye’s appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that he had reviewed the record in an attempt to find a viable issue on appeal. However, counsel concluded that after reviewing the record, the applicable statutes, and caselaw, there existed no viable issues on appeal.
This court issued an Anders order on September 23, 2010. Maye has failed to file any additional points or issues for consideration by this Court. We have also reviewed the record in this case and have found no error harmful to Maye’s rights.
The dissent, in effect, appears to reweigh the evidence before the circuit court, suggesting that this Court should ex mero motu address the application of § 15-22-54, Ala.Code 1975, as amended effective April 30, 2010, to the particular facts of this case. However, Rule 45B, Ala. R.App. P., states:
“In all cases appealed to the Court of Criminal Appeals, except those in which the death penalty has been imposed, the Court of Criminal Appeals shall consider only questions or issues presented in briefs on appeal.”
Our Supreme Court approved Rule 45B, Ala. R.App. P. (effective January 1, 1982), which abolished the “search the record rule” set out in § 12-22-240, Ala.Code 1975, providing that the Court of Criminal Appeals must consider all questions apparent on the record and reserved in the circuit court. See Hoppins v. State, 451 So.2d 365, 365 (Ala.1983). Rule 45B effectively eliminates this Court’s obligation to search the record for plain error in cases in which the death penalty was not imposed. The suggestion in the dissent that this Court address an issue not raised by Maye on appeal overlooks Rule 45B. To the extent the dissent attempts to couch the application of the Technical Violator Act as a jurisdictional issue, it would appear to run afoul of the Supreme Court’s recent decision in Ex parte Collins, [Ms. 1091310, November 24, 2010] - So.3d - (Ala.2010), in which the Supreme Court reversed a judgment of this Court based on its determination that this Court impermissibly took notice of a defect not raised by either party on appeal. In any event, Maye is not without options. If at some future point Maye believes that he meets the qualifications set out in § 15-22-54.1, Ala.Code 1975, he may file a petition seeking reconsideration of his sentence based on his status as a technical violator under § 15-22-54(d)(l)f.
Based on the foregoing, the judgement of the circuit court is affirmed.
AFFIRMED.
WINDOM, J., concurs. WISE, P.J., concurs in the result. WELCH, J., concurs in the result, with opinion. MAIN, J., dissents, with opinion.