[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10887

Non-Argument Calendar

_____

ROBERT KLECKLEY,

Petitioner-Appellant,

*versus*

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:19-cv-62972-RKA

_____

Before BRANCH, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

Robert Kleckley, a Florida state prisoner, appeals the district court's dismissal of his application for a writ of habeas corpus as untimely. Because we agree with Kleckley that his resentencing on one of his two counts of conviction constituted a new judgment and that this new judgment reset the limitations period for his habeas application, we vacate the district court's dismissal and remand.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Kleckley is a Florida prisoner who was found guilty in 2000 of attempted first-degree murder ("count 1") and shooting into an occupied vehicle ("count 2"). On June 12, 2000, he was sentenced to life on count 1. The same day, he was sentenced to a concurrent thirty-year term of imprisonment on count 2 as a "habitual felony offender." On May 16, 2001, on direct appeal, a Florida appellate court affirmed Kleckley's convictions and sentences as to both counts.

Kleckley spent the next several years collaterally attacking his convictions and sentences in state court. Those efforts ultimately resulted in a successful motion under Florida Rule of Criminal Procedure 3.800(a) to correct Kleckley's sentence. In the motion, Kleckley challenged his sentences as to both counts, arguing that (1) his life sentence on count 1 should be vacated because of a defect in his verdict form, and (2) his thirty-year sentence on

count 2 was illegal because the evidence was insufficient to establish that he was a habitual felony offender. A Florida trial court summarily denied the motion. On April 1, 2009, however, a state appellate court partly reversed. The appellate court left the life sentence on count 1 intact. But it reversed the denial of Kleckley's motion as to the thirty-year sentence on count 2 and remanded to the trial court with two options: (1) "attach[] . . . record portions conclusively refuting" Kleckley's claim that he wasn't a habitual felony offender, or (2) resentence Kleckley on count 2.

The Florida trial court chose the second option. On April 9, 2010, it held a resentencing hearing on count 2. After hearing testimony from several witnesses and accepting evidence, the trial court again sentenced Kleckley to thirty years' imprisonment on count 2 as a habitual felony offender. The court issued a new written sentencing order as to count 2 the same day to reflect the new sentence. That new sentence was affirmed on direct appeal. Kleckley then resumed his efforts in state court to collaterally attack his convictions and sentences, including his new thirty-year sentence. His final effort failed in late 2019, when a Florida appellate court upheld the denial of yet another rule 3.800(a) motion as to count 2 and denied rehearing on November 22, 2019.

On November 27, 2019, Kleckley filed his federal habeas application pursuant to 28 U.S.C. § 2254. Kleckley's application raised two sets of claims. The first set—which included claims one, two, three, and eleven—challenged his sentence on count 2 arising out of his April 9, 2010 resentencing hearing. The second set—

claims four through ten—go back much further, all the way to his original trial.  The latter claims challenge Kleckley's convictions on both counts and his life sentence on count 1.

The district court addressed the two sets of claims differently.  It denied the first set of claims on the merits.  But the district court didn't reach the merits of the second set of claims.  Instead, it agreed with a magistrate judge's determination that claims four through ten were barred by the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations.  Specifically, the district court agreed with the magistrate judge's determination that claims four through ten related to Kleckley's initial trial proceedings only, so the applicable statute of limitations began to run on May 16, 2001, ninety days after his original convictions and sentences were affirmed on direct appeal.  Thus, the district court concluded the statute of limitations had long passed for claims four through ten, and Kleckley's resentencing on count 2 in 2010 didn't change that.  According to the district court, only claims one, two, three, and eleven concerned alleged errors at resentencing. If Kleckley's resentencing on count 2 had resulted in a new "judgment," the district court explained, it would've reset the limitations period on claims four through ten as to count 2.  But the district court said it didn't result in a new judgment because the state trial court had only issued a new sentencing order as to count 2, not a new criminal judgment.  So, the district court concluded that the limitations period as to claims four through ten didn't reset when the trial court resentenced Kleckley to the same sentence on count 2, and that these claims were therefore barred as untimely.

Kleckley moved to amend or alter the district court's ruling on his application. The district court denied the motion. In denying the motion, the district court further clarified why it didn't consider Kleckley's resentencing a new judgment: it explained that under Florida law, a judgment is an "adjudication by the court that the defendant is guilty or not guilty." *See* Fla. R. Crim. P. 3.650. In other words, the resentencing didn't result in a new adjudication of guilt or use the model Florida judgment form, so it wasn't a new judgment. On top of that, the district court explained, the resentencing didn't change Kleckley's term of imprisonment—he was sentenced to life on count 1 and a concurrent thirty-year sentence on count 2 both before and after his resentencing on count 2. And in the alternative, the district court concluded that even if Kleckley's resentencing did result in a new judgment as to count 2, it wouldn't allow Kleckley to challenge his conviction or sentence on count 1 anyway, since his resentencing altered only count 2, and Kleckley was still subject to a life sentence on the otherwise unaltered count 1. But the district court also concluded that a reasonable jurist could disagree with both rationales and granted Kleckley a certificate of appealability on two issues:

1. If a state resentencing court reimposes on a state prisoner the same sentence the prisoner had already been serving, without re-adjudicating him guilty on any count, do the resentencing documents constitute a "new judgment" under *Magwood v. Patterson*, 561 U.S. 320 (2010), *Patterson v.*

*Secretary, Florida Department of Corrections*, 849 F.3d 1321 (11th Cir. 2017), and their progeny?

2. If a state resentencing court issues a new judgment as to only one of several counts—leaving the conviction and sentence for the remaining counts undisturbed—does this new judgment allow a habeas petitioner to file an otherwise untimely § 2254 petition, challenging his underlying conviction as to all the counts?

We now turn to Kleckley's appeal.

## STANDARD OF REVIEW

Our review is limited to the issues specified in the certificate of appeal. *See Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1215 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1785 (2023). "We review de novo the district court's determination that a petition for federal habeas corpus relief was time-barred under AEDPA." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 (11th Cir. 2007) (emphasis omitted).

## DISCUSSION

"When reviewing the district court's denial of a habeas petition, . . . [i]f there is an issue that the district court did not decide in the first instance, it is not properly before this Court and we remand for the district court's consideration." *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (citing *Pardue v. Burton*, 26 F.3d 1093, 1097–98 (11th Cir. 1994)); *see also Ponton v. Sec'y, Fla. Dep't of*

*Corr.*, 891 F.3d 950, 954 n.8 (11th Cir. 2018).  Though our review is usually limited to the issues specified in the certificate of appealability, we will "construe the issue specified in the [certificate] in light of the pleadings and other parts of the record" and "will also construe the [certificate] to encompass any issue that must be resolved before reaching the merits of a claim identified in the [certificate]." *Freeman*, 46 F.4th at 1215 (citations and internal quotation marks omitted).

Under AEDPA, a one-year statute of limitations applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period "run[s] from the latest" of four possible dates, including the one relevant here: "[T]he date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). But the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Kleckley raises three issues on appeal. First, he argues his 2010 resentencing on count 2 was a new judgment that restarted section 2244(d)(1)'s one-year statute of limitations for filing his section 2254 application as to count 2.  Second, he argues that his resentencing on count 2 constituted a new judgment as to both counts 1 and 2 and therefore triggered a new limitations period for his entire habeas application.  And third, he argues that even if his

resentencing on count 2 was not a new judgment, his application was still timely because his resentencing reopened his direct appeal and thus reset the applicable limitations period under section 2244.

We conclude the district court erred: (1) in determining Kleckley's resentencing on count 2 was not a new judgment and that his section 2254 challenges as to that count were therefore barred as untimely; and (2) in concluding that Kleckley's challenges concerning count 1 would still be untimely even if his 2010 resentencing on count 2 constituted a new judgment. And because we agree with Kleckley's first and second arguments, we need not reach his third. We discuss each in turn.

*Issue 1: Kleckley's Resentencing on Count 2 Was a New Judgment*

We first address the district court's rationale for concluding claims four through ten were time-barred: the district court determined Kleckley's resentencing on count 2 did not result in a new "judgment," so it did not reset the one-year limitations period for bringing claims four through ten, which challenged his original trial and convictions.

Kleckley argues his resentencing resulted in a new judgment under AEDPA because a "judgment" is comprised of both the conviction and the sentence. The state agrees with Kleckley that his resentencing on count 2 constituted a new judgment and that the district court therefore "should have evaluated the petition based on the limitations period that applied to the 2010 judgment" for count 2 and not the original judgment entered in 2000. The state also concedes that Kleckley's claims challenging the 2010

resentencing on count 2 were timely because his post-resentencing challenges in state court tolled the limitations period until he filed his federal habeas application.  And the state further concedes that under AEDPA, "there is one judgment, and it is comprised of both the sentence and the conviction."  *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014).  We agree with Kleckley and the state.

"[W]hen a petitioner is resentenced after AEDPA's one-year statute of limitations has expired for the original judgment of conviction and sentence, the judgment entered upon resentencing constitutes a new judgment[.]"  *Murphy v. United States*, 634 F.3d 1303, 1311 (11th Cir. 2011).  "[T]he only judgment that counts for purposes of section 2244 is the judgment pursuant to which the prisoner is in custody."  *Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1342 (11th Cir. 2024) (internal quotation marks omitted) (quoting *Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326 (11th Cir. 2017) (en banc)); *accord Ferreira*, 494 F.3d at 1293.  And "the judgment to which AEDPA refers is the underlying conviction and *most recent* sentence that authorizes the petitioner's current detention."  *Cassidy*, 119 F.4th at 1344 (internal quotation marks omitted) (quoting *Ferreira*, 494 F.3d at 1292).  So, the "statute of limitations begins to run from the date both the conviction *and* the sentence the petitioner is serving at the time [the petitioner] files [the] application become final[.]"  *Id.* (quoting *Ferreira*, 494 F.3d at 1293).  A "new judgment resets the statute of limitations clock[,] and a petitioner may challenge both the underlying conviction and the resentencing."  *Murphy*, 634 F.3d at 1311.

Applying these principles here, we conclude Kleckley's re-sentencing resulted in a new judgment on at least count 2, so the limitations period as to his count 2 challenges reset when his new sentence on that count became final. That's true even though Kleckley received the exact same thirty-year term of imprison-ment. *See Cassidy*, 119 F.4th at 1344 (holding amended judgment was new judgment under section 2244(d) where state court vacated portions of original judgment even though unaffected counts im-posed same prison term and further holding most recent judgment controls limitations period for entire application.); *see Magwood*, 561 U.S. at 333–39 (holding petitioner's resentencing resulted in new judgment when he received same death sentence both at ini-tial sentencing and after resentencing).

In sum, the district court erred when it concluded Kleckley's resentencing on count 2 was not a new judgment and that claims four through ten were therefore barred as untimely as to that count.

*Issue 2: Kleckley's Application is Timely as to Both Counts*

Having determined Kleckley's 2010 resentencing on count 2 constituted a new judgment and that claims four through ten as to that count are therefore timely, we next address the certificate's second issue: whether the new judgment that left Kleckley's con-viction and sentence on count 1 undisturbed allows him to file an otherwise untimely section 2254 application challenging his under-lying conviction as to both counts. The district court concluded a new judgment on count 2 still wouldn't allow Kleckley to challenge

his conviction and sentence on count 1, which was pronounced back in 2000. Kleckley argues his challenges are timely because the new judgment reset the limitations period for all of his convictions and sentences and not just the claims related to count 2. Again, we agree with Kleckley.

Both we and the Supreme Court have rejected reading AEDPA in a way that looks to specific claims in a habeas application rather than evaluating the application as a whole. For example, in *Magwood*, the Supreme Court explained that when deciding whether a habeas application was "second or successive," "the phrase 'second or successive' applies to an application as a whole"—not to specific claims within it. *Magwood*, 561 U.S. at 335 n.10 (emphasis omitted); *see also* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). "AEDPA's text commands a . . . straight-forward rule: where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." *Magwood*, 561 U.S. at 341–42.

Focusing on the "application as a whole," we held in *Insignares* that a petitioner's challenge to a state court's resentencing that reduced the petitioner's mandatory minimum sentence from twenty years to ten years but nonetheless left his twenty-seven-year sentence undisturbed was not "second or successive" even after petitioner had already filed one unsuccessful federal habeas

application challenging his original judgment. *Insignares*, 755 F.3d at 1279–81. We explained the "existence of a new judgment is dispositive" in determining whether an application is "second or successive," so we concluded the petitioner could challenge his undisturbed conviction again in a second federal habeas application. *Id.* at 1281 (quoting *Magwood*, 561 U.S. at 338). Finally, in *Cassidy*, we confirmed "the most recent judgment controls the running of the limitations period" and that "'there is only one judgment' that confines a prisoner." 119 F.4th at 1344 (quoting *Insignares*, 755 F.3d at 1281). And we held that "[e]ven though the unaffected counts still imposed the same prison term, the amended judgment replaced the original judgment." *Id.*

Taken together, *Magwood*, *Insignares*, and *Cassidy* confirm that AEDPA's one-year statute of limitations does not bar claims four through ten in Kleckley's habeas application as to either count.

*Cassidy*, in particular, commands this conclusion. 119 F.4th at 1342–44. In *Cassidy*, the defendant had been convicted and sentenced on three counts of sexual battery while in a position of familial or custodial authority in 2012. *Id.* at 1338–39. A state post-conviction court later vacated the judgment and sentence as to the third count while rejecting the defendant's challenges to the other two counts and leaving his convictions and sentences undisturbed as to them. 119 F.4th at 1339. The state responded by dismissing count three altogether. *Id.* After that, in 2017, the same state post-conviction court entered an amended judgment removing count three from the judgment but leaving counts one and two

unchanged. *Id.* The defendant then filed an amended habeas application raising "a litany of constitutional objections to his conviction and detention—most of which overlapped with his original petition." *Id.* at 1339–40. The state moved to dismiss the amended application as untimely, arguing the operative judgment for statute-of-limitations purposes was the petitioner's original judgment from 2012, not his amended judgment from 2017. *Id.* at 1340. The district court agreed and dismissed the application as untimely, reasoning "that the state trial court never vacated [defendant's] original sentences on counts one or two, nor did it hold a resentencing hearing or otherwise alter the state's authority to confine [him]." *Id.*

We disagreed and vacated the district court's dismissal. *Id.* at 1344. We concluded that, although the unaffected counts still imposed the same prison term, the amended judgment replaced the original judgment. *Id.* And we further concluded that the "statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final," so the defendant's "amended judgment was the judgment that he was in custody pursuant to when he filed his federal petition[.]" *Id.* (internal quotation marks omitted) (first quoting 28 U.S.C. § 2244(d)(1); and then quoting *Ferreira*, 494 F.3d at 1293).

The same result is required here. Kleckley's resentencing on count 2 was a new judgment even though he received the same term of imprisonment on count 2 after resentencing. And because

14                    Opinion of the Court                    23-10887

his post-resentencing judgment constituted a new judgment, it reset the limitations period for Kleckley's entire habeas application, including his undisturbed sentence on count 1. *See id.* So the district court erred in concluding there were two separate AEDPA limitations periods.

The state resists this conclusion by relying on the same argument we explicitly rejected in *Cassidy*. Specifically, the state argues that, since Kleckley's conviction and sentence on count 1 were undisturbed, each count should be considered its own separate judgment with a separate AEDPA-limitations period for each count. [**Red.Br. at 33.**] But in *Cassidy*—considering and rejecting an identical argument—we observed:

> [W]e have rejected this approach as inconsistent with [AEDPA's] statutory text. What matters is whether the state court vacated at least part of the original judgment and entered an amended judgment that confines the prisoner going forward. What does not matter is whether certain convictions in the amended judgment never changed.

*Id.* (citations omitted). *Cassidy*'s reasoning applies to the state's argument here with equal force. And once again we reject it as inconsistent with AEDPA's text and our precedent.

In sum, Kleckley's entire application is timely under AEDPA's one-year statute of limitations because it challenges the only judgment in Kleckley's case—the one that became final when

23-10887                Opinion of the Court                15

his resentencing on count 2 became final.[1] *Id.*; *Insignares*, 755 F.3d at 1281.

### VACATED AND REMANDED.

---

[1] The state separately asks us to affirm the district court's determination as to both issues on the alternative grounds that the state courts properly denied claims four through ten as procedurally barred under Florida law.  But that issue is not within the certificate's scope, and "[i]t is abundantly clear that 'our review is restricted to the issues specified in the certificate [].'"  *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) (quoting *Williams v. Allen*, 598 F.3d 778, 795 (11th Cir. 2010)).  And while we have discretion to expand the certificate in some circumstances, we won't do that here and will instead leave these issues for the district court to consider on remand in the first instance.  *See Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013) (noting we will expand a certificate "when reasonable jurists would find *the district court's assessment* of the . . . claims debatable or wrong." (emphasis added) (cleaned up)).